■ In the Matter of the Claim of WILLIAM KINNEY, Appellant, v PRUDENTIAL INSURANCE COMPANY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [705 NYS2d 137] —Crew III, J. Appeal from a decision of the Workers' Compensation Board, filed January 28, 1998, which ruled that claimant did not sustain a causally related disability and denied his claim for workers' compensation benefits.

In September 1994, claimant was hired by the employer to sell insurance and other financial products. This position required claimant to obtain licenses from the State Insurance

Department and the National Association of Securities Dealers (hereinafter NASD), and the applications for both licenses, in turn, required claimant to disclose any criminal convictions. In this regard, the record reflects that claimant had been convicted of trespassing in this State in 1979 and, additionally, had been arrested in Connecticut in 1986 and charged with, *inter alia*, possession of marihuana.

Although claimant advised the employer of both the 1979 and 1986 incidents and agreed to furnish information regarding his 1986 arrest to NASD in conjunction with that licensing application, he did not want such information disclosed to the Department. The employer nonetheless informed the Department of claimant's 1986 arrest and, in May 1995, terminated claimant's employment based upon claimant's failure to obtain a State license.*

In April 1995, claimant filed the instant claim for workers' compensation benefits, contending that the stress associated with the employer's decision to inform the Department of his 1986 arrest constituted a compensable work-related condition. Ultimately, the Workers' Compensation Board denied the claim for benefits, finding that the claim was barred by Workers' Compensation Law § 2 (7). This appeal by claimant ensued.

Workers' Compensation Law § 2 (7) provides, in relevant part, as follows: "The terms 'injury' and 'personal injury' shall not include an injury which is solely mental and is based on workrelated stress if such mental injury is a direct consequence of a lawful personnel decision involving a disciplinary action, work evaluation, job transfer, demotion, or termination taken in good faith by the employer." Claimant's initial argument on appeal is that the employer's disclosure of the subject information was not undertaken in the context of a "disciplinary action, work evaluation, job transfer, demotion, or termination" (*id.*) and, hence, there is no basis for invoking Workers' Compensation Law § 2 (7). In our view, claimant's interpretation of the statute is unduly restrictive.

The record makes clear that obtaining a State license was a necessary requirement of claimant's employment and, indeed, the failure to procure such license formed the basis for claimant's subsequent termination from his position with the employer. That being the case, the employer's disclosure of claimant's 1986 arrest to the Department plainly constituted a

---

* Following claimant's termination from employment, he apparently provided an explanation of the circumstances surrounding his 1986 arrest, as originally requested by the Department, and the Department, in turn, granted him a State license.

personnel decision that altered or threatened claimant's employment status (*see, Matter of DePaoli v Great A & P Tea Co.*, 257 AD2d 912, *affd* 94 NY2d 377). In this regard, one of the employer's representatives testified as to the importance of providing consistent information to the licensing entities involved and, significantly, the potential jeopardy to the employer's own license should it be discovered that relevant information had not been disclosed. Under these circumstances, the Board's finding that the employer's action constituted a lawful personnel decision undertaken in good faith is supported by substantial evidence in the record as a whole.

Alternatively, claimant contends that his injuries are not solely mental and, therefore, Workers' Compensation Law § 2 (7) is inapplicable. Again, we cannot agree. If claimant's work-related stress is not compensable under the statute—and it plainly is not—"it necessarily follows that [any] physical complications that resulted therefrom cannot be compensable either" (*Matter of Dockum v Syroco, Inc.*, 260 AD2d 688, 690, *lv denied* 93 NY2d 811). Claimant's remaining contentions have been examined and found to be lacking in merit.

Mercure, J. P., Peters, Spain and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.