■ In the Matter of the Claim of THELMA J. GRACE, Appellant, v BRONX MUNICIPAL HOSPITAL CENTER, CITY OF NEW YORK HEALTH AND HOSPITALS CORPORATION, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [708 NYS2d 728] —Mercure, J. Appeal from a decision of the Workers' Compensation Board, filed February 19, 1999, which ruled that claimant did not sustain a compensable injury and denied her claim for workers' compensation benefits.

Claimant was employed as a staff nurse in the employer's pediatric unit. On June 15, 1992, the unit was understaffed, resulting in an increase in claimant's workload. During her shift, claimant discovered a problem with the feeding tube in one of the patients. After disconnecting the tube, claimant reported the problem to a physician, who initially did not believe her but ultimately discovered that the tube had been inserted improperly into the patient's lung rather than into the patient's stomach. When claimant's supervisor learned of the incident the next day, she interviewed several employees, including claimant. According to the supervisor, she found claimant's intervention appropriate but admonished claimant

for failing to document her intervention on the patient's chart. Believing that it was not her responsibility to document the incident because she was not assigned to the patient, claimant became upset. As a result of chest pain and other symptoms, claimant has not returned to work since June 1992. She was ultimately diagnosed with posttraumatic stress disorder.

Pursuant to Workers' Compensation Law § 2 (7), a psychic injury based on work-related stress is not compensable if it is a direct consequence of a lawful personnel decision involving, *inter alia*, work evaluation taken by the employer in good faith. Direct consequence means that the personnel decision must target the claimant directly (*see, DePaoli v Great A & P Tea Co.*, 94 NY2d 377). In denying claimant's claim for workers' compensation benefits, the Workers' Compensation Board concluded that claimant's psychic injury was a direct consequence of the evaluation of claimant's work by her supervisor, who acted in good faith. Inasmuch as the record contains substantial evidence to support the Board's resolution of the factual issue regarding the applicability of Workers' Compensation Law § 2 (7), the Board's decision will not be disturbed (*see, Matter of Meyers v Teachers Coll., Columbia Univ.*, 199 AD2d 623, 624).

With regard to claimant's contention that the stress created by the lack of sufficient staff and the feeding tube incident on June 15, 1992 caused or contributed to her psychic injury, the Board found that the stress experienced by claimant was no greater than that which other similarly situated workers experienced in the normal job environment. The Board's resolution of this factual issue is also supported by substantial evidence and, therefore, cannot be disturbed (*see, Matter of Troy v Prudential Ins. Co.*, 233 AD2d 635). Inasmuch as the Board's resolution of the relevant factual issues is supported by substantial evidence, the existence of other evidence in the record which, according to claimant, supports contrary findings provides no basis to disturb the Board's decision (*see, Matter of Grucza v Waste Stream Technology*, 252 AD2d 901, 903). Claimant's remaining arguments have been considered and are lacking in merit.

Cardona, P. J., Graffeo, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.