In the Matter of the Claim of ANNE M. BOTTIERI, Appellant, v TRAVELERS INSURANCE et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [766 NYS2d 405] —Crew III, J. Appeal from a decision of the Workers' Compensation Board, filed October 5, 2001, which ruled that claimant did not sustain an accidental injury in the course of her employment and denied her claim for workers' compensation benefits.

Claimant, who began working for the employer in the mid-1970s, was employed as a senior benefits specialist in early 1990. This position, which claimant described as very stressful, essentially entailed responding to inquiries regarding claims filed by the employer's insureds. During the spring of 1990, claimant noticed that she was suffering from various physical ailments, including headaches and neck and arm pain on the right side of her body. These physical symptoms were in addition to the "auras" that claimant was experiencing, which apparently began when claimant was 12 years old and recurred approximately every six months thereafter, ultimately culminating in what claimant described as a seizure in April 1991.

Despite the stress associated with her then current employment and the fact that she had by now developed psychiatric

symptoms as well, claimant sought and obtained a promotion to technical advisor in July 1992. This position entailed the same basic duties as claimant's previous position, although claimant and another also shared supervisory responsibility for approximately 30 people. Claimant continued in this capacity for approximately one year when, in an apparent response to company downsizing, she was demoted to senior benefits specialist. Shortly thereafter, in August 1993, claimant ceased working for the employer. Claimant thereafter sought psychiatric assistance and, in November 1993, filed the instant claim for benefits based upon her physical symptoms and job-related stress.

Following a series of hearings, a Workers' Compensation Law Judge found the underlying claim to be compensable, noting that the experts who examined claimant all agreed that her various symptoms were the product of job-related stress. The Workers' Compensation Board reversed this decision, finding that claimant had not been exposed to undue job-related stress and, further, that neither her promotion nor demotion were anything other than lawful personnel decisions. Accordingly, the Board determined that claimant had not sustained an accidental injury during the course of her employment and denied her claim. This appeal ensued.

To the extent that the Board found that the underlying claim is barred by Workers' Compensation Law § 2 (7), we cannot agree. The cited provision excludes a claim for mental injury based upon work-related stress if the injury in question is "a direct consequence of a lawful personnel decision involving a disciplinary action, work evaluation, job transfer, demotion, or termination taken in good faith by the employer" (Workers' Compensation Law § 2 [7]). Assuming, without deciding, that a claimant's acceptance of a sought-after promotion constitutes a lawful personnel decision within the meaning of Workers' Compensation Law § 2 (7) (see Matter of Brickner v New York State Dept. of Transp., 284 AD2d 829 [2001], lv denied 98 NY2d 601 [2002]), the record nonetheless makes plain that claimant's mental and physical symptoms predated both her July 1992 promotion and her July 1993 demotion. That being the case, it cannot be said that the symptoms experienced by claimant were the "direct consequence of a lawful personnel decision" (Workers' Compensation Law § 2 [7]) and, therefore, her claim is not barred by the exclusionary provisions of the statute.

We are, however, persuaded that the record as a whole contains substantial evidence to support the Board's denial of the underlying claim. In this regard, the case law makes clear

that "a claim for work-related stress cannot be sustained absent a showing that the stress experienced by the affected claimant was greater than that which other similarly situated workers experienced in the normal work environment" (*Matter of Spencer v Time Warner Cable,* 278 AD2d 622, 623 [2000], *lv denied* 96 NY2d 706 [2001]; *see Matter of Charlotten v New York State Police,* 286 AD2d 849 [2001]). This inquiry, in turn, presents a factual issue for the Board to resolve, and its decision in this regard, if supported by substantial evidence, will not be disturbed (*see Matter of Ford v Unity House of Troy,* 292 AD2d 717, 718 [2002], *lv denied* 98 NY2d 610 [2002]).

As the record before us fails to reflect that the pressures encountered by claimant were any greater than those experienced by her peers during the time in question, the Board's denial of her claim will not be disturbed (*see Matter of Spencer v Time Warner Cable, supra* at 623; *Matter of Grace v Bronx Mun. Hosp. Ctr., City of N.Y. Health & Hosps. Corp.,* 272 AD2d 799, 800 [2000]) despite the apparent lack of dispute as to the cause of her injuries (*see Matter of Leggio v Suffolk County Police Dept.,* 245 AD2d 897, 899 [1997] [Mercure, J., dissenting], *revd on dissenting mem below* 96 NY2d 846 [2001]). Notably, as we observed at the outset, claimant sought the promotion and the attendant increase in responsibilities at a time when she already was experiencing various physical and psychological symptoms. As a final matter, we reject claimant's assertion that the manifestation of her various physical symptoms obviated the need to demonstrate that the stress that produced such symptoms was greater than normal (*see Matter of Ford v Unity House of Troy, supra* at 719; *Matter of Kinney v Prudential Ins. Co.,* 270 AD2d 781, 783 [2000]).

Cardona, P.J., Mercure, Peters and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.