■ In the Matter of the Claim of CARLA BERKLEY, Appellant, v IRVING TRUST COMPANY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [789 NYS2d 552]—

Mercure, J. Appeal from a decision of the Workers' Compensation Board, filed October 14, 2003, which ruled that claimant did not sustain a causally related disability.

In 1984, while working at Irving Trust Company, claimant suffered a psychotic episode triggered by the stress of her job and applied for workers' compensation benefits. Her case was established for atypical psychosis and she received benefits until, in 1995, a Workers' Compensation Law Judge (hereinafter WCLJ) determined that claimant no longer suffered a causally related disability. The Workers' Compensation Board affirmed.

In August 2000, claimant's case was reopened to consider the need for further treatment after she suffered a psychotic episode which she alleged was causally related to the stress that she previously experienced while employed at Irving Trust. After conducting several hearings, in July 2003, a WCLJ determined that claimant's most recent psychotic episode was not causally related to her previous employment and that Workers' Compensation Law § 25-a was applicable. The Board affirmed and claimant now appeals.

We affirm. "It is within the Board's discretion to resolve issues of credibility, especially among conflicting medical experts," and its resolution will be afforded great deference (*Matter of Joyce v United Food & Commercial Workers Local 342-350*, 307 AD2d 552, 553 [2003] [citations omitted]; *see Matter of Estate of Matusko v Kennedy Valve Mfg. Co.*, 296 AD2d 726, 728 [2002], *lv denied* 99 NY2d 504 [2002]). In the instant case, with respect to the cause of claimant's latest psychotic episode, the Board found the testimony of Peter Aldin, the workers' compensation carrier's psychiatrist, more credible than that of claimant's psychiatrist. According to Aldin, claimant suffers from an underlying personality disorder which periodically manifests as psychotic episodes when claimant is confronted with stress. Aldin explained that claimant's latest psychotic episode was attributable to the stress that she experienced while attending graduate school and was not a remanifestation of the breakdown that she had experienced while employed at Irving Trust. Although claimant's psychiatrist opined that her illness rendered her totally disabled, he acknowledged that claimant attributed her most recent psychotic episode to the stress of school. Notably, claimant's psychiatrist did not testify that the episode was

caused by the prior stress she had experienced at Irving Trust but maintained instead that the two psychotic episodes were related in that the underlying condition does not "go away." Inasmuch as there is substantial evidence in the record for the Board's determination, it will not be disturbed (*see Matter of Baker v Orange Heating & Cooling*, 9 AD3d 517, 518 [2004]; *Matter of Joyce v United Food & Commercial Workers Local 342-350, supra* at 553).

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.