■ In the Matter of the Claim of MICHAEL THOMASULA, Appellant, v WILSON CONCRETE AND MASONRY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [789 NYS2d 766]—

Mercure, J.P. Appeal from a decision of the Workers' Compensation Board, filed February 24, 2003, which ruled that claimant did not sustain an accidental injury in the course of his employment and denied his claim for workers' compensation benefits.

Claimant sought workers' compensation benefits in February 2001 for an injury allegedly sustained to his left shoulder in October 1999 during the course of his employment as a laborer. Ultimately, the Workers' Compensation Board found that claimant's testimony regarding the accident was not credible and, therefore, insufficient to establish a work-related injury. Claimant appeals and we now affirm.

In denying claimant's request for workers' compensation benefits, the Board considered his year-long delay in seeking medical attention, the undisputed evidence that he lost no time from work and never filed an accident report and, most significantly, his admission that he repeatedly told his doctors that his injuries were not work-related in order to obtain private insurance coverage. Claimant's explanation that he had "panicked," fearing that the delay in reporting the incident and previous administrative problems with unrelated claims would result in a denial of coverage, as well as the testimony of his supervisor that the injury was work-related, presented credibility issues within the Board's authority to resolve (see Matter of Owens v Village of Ellenville Police Dept., 280 AD2d 786, 787 [2001], appeal dismissed 96 NY2d 859 [2001]). Indeed, it is well settled that the Board is the final arbiter of whether a particular witness's testimony is worthy of belief and, thus, this Court is bound by the Board's assessment of witness credibility (see Matter of Medina v Building Maintenance Serv., 302 AD2d 774, 776 [2003]; Matter of Altman v Hazan Import Corp., 198 AD2d 674, 675 [1993]). Inasmuch as substantial evidence supports the Board's determination that claimant's injury was not work-

related, we decline to disturb it. Claimant's remaining arguments have been considered and rejected as lacking in merit.

Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.