■ In the Matter of the Claim of RICHARD AMBERGER, Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [794 NYS2d 751]—

Spain, J. Appeal from two decisions of the Workers' Compensation Board, filed January 18, 2001 and March 10, 2003, which ruled that claimant did not sustain a compensable injury.

Claimant began working for the employer in the late 1970s, and was dismissed from his position as a correction sergeant in December 1997 for attendance problems. In July 1998, claimant sought workers' compensation benefits for mental injury sustained as a result of on the job stress, allegedly resulting from harassment by two supervisors. After a hearing, a Workers' Compensation Law Judge disallowed the claim and found that no showing had been made that claimant had been subjected to an abnormal amount of stress, or that the employer had acted illegally or in bad faith when it disciplined claimant. Claimant appealed, and the Workers' Compensation Board, in a decision filed January 18, 2001, affirmed. The Board rescinded that decision and, in a decision filed March 10, 2003, again affirmed. Claimant appeals from both the January 2001 and March 2003 Board decisions.

We perceive no error in the Board's decisions denying claimant benefits. It is clear "that a claim for work-related stress cannot be sustained absent a showing that the stress experienced by the affected claimant was greater than that which other similarly situated workers experienced in the normal work environment" (*Matter of Spencer v Time Warner Cable,* 278 AD2d 622, 623 [2000], *lv denied* 96 NY2d 706 [2001]; *see Matter of Bottieri v Travelers Ins.,* 309 AD2d 1100, 1101-1102 [2003]; *Matter of Ford v Unity House of Troy,* 292 AD2d 717, 718 [2002], *lv denied* 98 NY2d 610 [2002]). Whether an unusual level of stress occurred is a factual issue for the Board to resolve, and we will not disturb the Board's findings if supported by substantial evidence (*see Matter of Bottieri v Travelers Ins., supra* at 1102).

Here, the record reveals claimant's aversion for several of his supervisors and belief both that he was being persecuted by them and that certain assignments were given to, and actions taken against, him as a result of that persecution. However, substantial evidence exists "to support the Board's finding that the stress encountered by claimant [as a result of those incidents] was no greater than that normally encountered in the work environment" (*Matter of Ford v Unity House of Troy, supra* at 719).

Crew III, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the decisions are affirmed, without costs.