■ In the Matter of the Claim of JADWIGA M. KOPEC, Appellant, v DORMITORY AUTHORITY OF THE STATE OF NEW YORK et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.
[843 NYS2d 738]—

Crew III, J.P. Appeal from a decision of the Workers' Compensation Board, filed July 7, 2006, which ruled that claimant did not suffer an accidental injury arising out of and in the course of her employment and denied her claim for workers' compensation benefits.

Claimant, a project manager for the employer, ceased working in June 2002 and thereafter applied for workers' compensation benefits alleging, among other things, that she was coerced into participating in an undercover investigation conducted by the New York County District Attorney's office into one of the employer's projects and, as a result, sustained various mental injuries stemming from work-related stress. The Workers' Compensation Law Judge denied that claim, finding that claimant had not suffered a compensable work-related injury. A panel of the Workers' Compensation Board affirmed, prompting this appeal by claimant.

We affirm. The case law makes clear that mental injuries caused by work-related stress are compensable only upon a showing by the claimant that the stress alleged to have caused the injury " 'was greater than that which other similarly situated workers experienced in the normal work environment' " (*Matter of Guess v Finger Lakes Ambulance*, 28 AD3d 996, 997 [2006], *lv denied* 7 NY3d 707 [2006], quoting *Matter of Spencer v Time Warner Cable*, 278 AD2d 622, 623 [2000], *lv denied* 96 NY2d 706 [2001]). This inquiry, in turn, presents a factual issue for the Board to resolve and its determination, if supported by substantial evidence in the record as a whole, will not be disturbed (*see Matter of Bottieri v Travelers Ins.*, 309 AD2d 1100, 1102 [2003]).

Here, claimant testified, among other things, that she was coerced into participating in the District Attorney's investigation, that she begged to be released from such obligation and that complying with the District Attorney's directives regarding the manner in which she managed the project under investigation was detrimental to her career. Suffice to say that the employer's witnesses presented a contrary view of the investigation and claimant's involvement therein, stating, among other things, that claimant was a willing and voluntary participant in the investigation, that she was told she could drop out at any

time and that she never expressed any hesitation or concern regarding her participation. Indeed, the employer's director of internal affairs testified that, contrary to claimant's assertion, she never was required to continue her role in the investigation, nor was she threatened with a loss of employment should she elect not to do so. In short, the Board was presented with two conflicting views of the underlying events and, given that it was free to credit the testimony offered by the employer's witnesses over that of claimant (*see Matter of Thomasula v Wilson Concrete & Masonry*, 15 AD3d 796 [2005]), we are unable to discern any basis for disturbing the Board's decision.

Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.