980

In the Matter of the Claim of PAUL PARRINELLO, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [849 NYS2d 121]—

Spain, J. Appeals (1) from a decision of the Workers' Compensation Board, filed February 27, 2006, which ruled that claimant did not sustain an accidental injury arising out of and in the course of his employment and denied his claim for workers' compensation benefits, and (2) from a decision of said Board, filed August 14, 2006, which denied claimant's request for reconsideration or full Board review.

Claimant was employed as a level II supervisor when, in April 2001, during a meeting with his immediate supervisor, he began complaining of chest pains and lightheadedness. After being transported to a hospital, claimant was diagnosed as suffering from stress. Claimant then began receiving psychiatric treatment and retired from his position. In May 2001, claimant filed for workers' compensation benefits, alleging causally related heart problems, anxiety and depression disorder. After two hearings, the case was closed in June 2003 for lack of prima facie medical evidence. The case was reopened in December 2003, after claimant submitted a narrative from his treating psychologist, who determined that the overall stress of claimant's employment may have been a contributing factor to his psychological condition. After a hearing, at which claimant and his immediate supervisor testified, and the submission of the deposition testimony of claimant's psychologist, treating physician and the employer's independent medical examiner, a Workers' Compensation Law Judge found that claimant had established a work-related accident and awarded workers' compensation benefits. The Workers' Compensation Board reversed, however, finding that the stress that claimant experienced at work was not greater than the stress experienced by other level II supervisors. Claimant's request for full Board review or reconsideration was denied. Claimant now appeals.

We affirm. A claim for work-related stress is not compensable without "showing that the stress experienced by the affected claimant was greater than that which other similarly situated workers experienced in the normal work environment" (*Matter of Spencer v Time Warner Cable*, 278 AD2d 622, 623 [2000], *lv denied* 96 NY2d 706 [2001]; *accord Matter of Pinto v Southport Correctional Facility*, 19 AD3d 948, 950-951 [2005]). In resolving this factual issue, the Board's determination will not be disturbed if supported by substantial evidence (*see Matter of Bottieri v Travelers Ins.*, 309 AD2d 1100, 1102 [2003]). Here, claimant testified that he experienced considerable stress as a supervisor in charge of completing construction projects on subway stations on time and under budget, and worked long hours due to his added responsibilities of showing safety videos and coordinating charity collections. However, when juxtaposed against the testimony of claimant's immediate supervisor, it becomes evident that these sources of stress did not operate on claimant alone but, rather, all the level II supervisors were under similar pressure regarding their assigned projects. In addition, claimant's supervisor testified that the responsibility of showing the safety videos was rotated among all the level II supervisors, and claimant conceded that he collected for the employer's charity drive at the same time that he showed the safety videos. Mindful of the Board's discretion to weigh conflicting evidence and evaluate witness credibility (*see Matter of Gropper v GPA Mech.*, 35 AD3d 947, 948 [2006]), we find that substantial evidence in the record supports the Board's determination that claimant did not demonstrate that he experienced greater stress than his peers and, therefore, it will not be disturbed (*see Matter of Pinto v Southport Correctional Facility*, 19 AD3d at 951; *Matter of Bottieri v Travelers Ins.*, 309 AD2d at 1102; *Matter of Spencer v Time Warner Cable*, 278 AD2d at 623).

Mercure, J.P., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the decisions are affirmed, without costs.