■ In the Matter of the Claim of LAILA YOUNG, Appellant, v PENTAX PRECISION INSTRUMENT CORPORATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [870 NYS2d 151]—

Lahtinen, J.

After working for her employer for more than eight years, claimant's employment was terminated in April 2003. In May 2004, she filed a claim for workers' compensation benefits alleging that she had been subjected to repeated episodes of harassment after September 11, 2001 because of her Egyptian ethnicity and, as a result, suffered a mental injury. Following hearings in 2004 and 2005, a Workers' Compensation Law Judge found insufficient evidence to support claimant's allegations. The Workers' Compensation Board affirmed and this appeal ensued.

Mental injuries caused by work-related stress are compensable if the claimant can show that the stress that caused the injury was "greater than that which other similarly situated workers experienced in the normal work environment" (*Matter of Spencer v Time Warner Cable*, 278 AD2d 622, 623 [2000], *lv denied* 96 NY2d 706 [2001]; *see Matter of Parrinello v New York City Tr. Auth.*, 47 AD3d 980, 981 [2008]; *Matter of Kopec v Dormitory Auth. of State of N.Y.*, 44 AD3d 1230, 1231 [2007]). The Board resolves this factual issue and its determination will be affirmed if supported by substantial evidence (*see Matter of Parrinello v New York City Tr. Auth.*, 47 AD3d at 981; *Matter of Kopec v Dormitory Auth. of State of N.Y.*, 44 AD3d at 1231; *Matter of Guess v Finger Lakes Ambulance*, 28 AD3d 996, 997-998 [2006], *lv denied* 7 NY3d 707 [2006]). The fact that a contrary conclusion also may be supported by substantial evidence does not afford a ground for us to set aside the Board's determination (*see Matter of Pecora v County of Westchester*, 13 AD3d 916, 918 [2004]; *Matter of Grace v Bronx Mun. Hosp. Ctr., City of N.Y. Health & Hosps. Corp.*, 272 AD2d 799, 800 [2000]).

Claimant testified that she was cursed at and struck in the head by one of her coworkers, subjected to offensive anti-Arab cartoons that were placed on a bulletin board, repeatedly ignored and belittled by her supervisor in front of others, and asked by her supervisor if she had turned her family in to the FBI for investigation. However, the employer's witnesses testified to a very different version of events. There were direct denials regarding many of her allegations, and reasonable explanations as to others. The employer also offered testimony indicating that, when claimant made complaints about work-related problems, those complaints were dealt with promptly. There was proof that claimant's quality of work had declined as

she repeatedly had problems interacting with coworkers, and she had previously changed departments in 1998 because of similar problems with her interpersonal skills. Although claimant's treating physician opined that her anxiety and stress were related to harassment at work, an independent medical exam performed by the employer's physician refuted this and found no causal relationship between claimant's injury and the work incidents.

The differences in testimony and evidence presented credibility issues for the Board to resolve. "[T]he Board is the final arbiter of whether a particular witness's testimony is worthy of belief and, thus, this Court is bound by the Board's assessment of witness credibility" (*Matter of Thomasula v Wilson Concrete & Masonry*, 15 AD3d 796, 796 [2005]; *see Matter of Schmeling v New Venture Gear*, 45 AD3d 1071, 1072 [2007]; *Matter of Berkley v Irving Trust Co.*, 15 AD3d 750, 751 [2005]; *Matter of Potter v Curtis Lbr. Co., Inc.*, 10 AD3d 819, 820 [2004]). The record contains substantial evidence to support the Board's decision and, accordingly, we affirm. Claimant's remaining arguments are either academic or meritless.

Peters, J.P., Spain, Kane and Kavanagh, JJ., concur. Ordered that the decision is affirmed, without costs.