■ In the Matter of the Claim of VIRGINIA M. COLEMAN, Respondent, v SCHENECTADY COUNTY DEPARTMENT OF SOCIAL SERVICES et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [913 NYS2d 432]—

Rose, J. Appeal from a decision of the Workers' Compensation Board, filed June 23, 2009, which ruled that claimant sustained a compensable injury and awarded workers' compensation benefits.

---

Claimant, a child support investigator, filed for workers' compensation benefits alleging that work-related stress caused her anxiety, migraine headaches, hypertension and insomnia. The employer controverted the claim. At the prehearing conference, however, the Workers' Compensation Law Judge held that the employer waived its defenses due to its failure to file a prehearing conference statement pursuant to 12 NYCRR 300.38 (f) (4). Viewing the question of whether the claim was compensable under Workers' Compensation Law § 2 (7) as a defense that should have been raised in the prehearing conference statement, the Worker's Compensation Law Judge established the claim. The Workers' Compensation Board affirmed and the employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) appeal.

Claimant had the initial burden of showing that she sustained a work-related injury, even though the employer waived its defenses (*see e.g. Matter of Nwoko v City of New York*, 29 AD3d 1070, 1071 [2006]; *Matter of Lumia v City of N.Y., Off. of Queens Borough President*, 21 AD3d 600, 601 [2005]). To establish a claim for injury due to work-related stress, claimant was required to show that the stress she experienced was greater than that which other similarly situated workers experienced in the normal work environment (*see Matter of Parrinello v New York City Tr. Auth.*, 47 AD3d 980, 981 [2008]; *Matter of Bottieri v Travelers Ins.*, 309 AD2d 1100, 1101-1102 [2003]; *Matter of Ford v Unity House of Troy*, 292 AD2d 717, 718 [2002], *lv denied* 98 NY2d 610 [2002]). The medical reports submitted by claimant establish that she experienced work-induced stress, but do not offer any basis upon which to conclude that she experienced greater stress than other similarly situated workers. Contrary to the claimant's characterization, neither the C-3 form nor the C-4 form state that she was subjected to harassment. As the determination that claimant sustained a compensable injury is not supported by substantial evidence, the matter must be remitted to the Board for further development of the record on this issue (*see Matter of McLean v Amsterdam Nursing Home*, 72 AD3d 1309, 1311 [2010]; *Matter of Moore v Ogden Allied*, 284 AD2d 624, 626-627 [2001]). Finally, as claimant is required to establish the compensable nature of her injury regardless of the employer's waiver of its defenses, we need not address the employer's challenge to the applicable regulation.

Mercure, J.P., Peters, Malone Jr. and Garry, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.