In the Matter of the Claim of RAYMOND C. SMITH, Respondent, v ALBANY COUNTY SHERIFF'S DEPARTMENT et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [918 NYS2d 245]—

Rose, J.

Claimant, a correction officer, filed for workers' compensation benefits alleging that he suffered depression and anxiety due to harassment at his work place. The employer's workers' compensation carrier controverted the claim, but failed to file a prehearing conference statement as required by 12 NYCRR 300.38 (f) (1). As a result, the Workers' Compensation Law Judge held that the employer waived its defenses pursuant to 12 NYCRR 300.38 (f) (4) and, upon review of the medical records submitted by claimant, established the claim for a mental injury caused by work-related stress. The Workers' Compensation Board affirmed, giving rise to this appeal by the employer and its carrier (hereinafter collectively referred to as the employer).

Contrary to the employer's contention, the waiver of defenses resulting from the failure to timely file a prehearing conference statement does not create a presumption relieving claimant of his obligation to demonstrate a compensable injury (*see Matter of Coleman v Schenectady County Dept. of Social Servs.*, 80 AD3d 837, 838 [2011]; 12 NYCRR 300.38 [f] [4]). Nor did the Board apply any such presumption here. Rather, the medical reports submitted by claimant were considered and found to be sufficient to establish a claim for work-related stress. Specifi-

cally, claimant's records detailed the stress that he experienced and attributed it, in part, to rumors spread at work that he had once committed rape, and to the accompanying threats and harassment from inmates and staff. The records were thus sufficient to sustain the conclusion that the stress that caused the injury was greater than that experienced by others working in similar capacities (*see* Workers' Compensation Law § 2 [7]; *Matter of Young v Pentax Precision Instrument Corp.*, 57 AD3d 1323, 1324 [2008]; *Matter of Spencer v Time Warner Cable*, 278 AD2d 622, 623 [2000], *lv denied* 96 NY2d 706 [2001]).

The employer also argues that the regulation imposing a waiver of defenses for failure to file a prehearing conference statement is an improper expansion of the statute. Again, we disagree. Pursuant to Workers' Compensation Law § 117 (1), the Board is authorized to adopt regulations consistent with and supplemental to the provisions of the Workers' Compensation Law, and we will uphold a regulation as long as it " 'has a rational basis and is not unreasonable, arbitrary, capricious or contrary to the statute under which it was promulgated' " (*Matter of Estate of Lutz v Lakeside Beikirk Nursing Home*, 301 AD2d 688, 691 [2003], *lv dismissed* 99 NY2d 651 [2003], quoting *Kuppersmith v Dowling*, 93 NY2d 90, 96 [1999]). Here, the statutory purpose of the prehearing conference is to simplify and limit the factual and legal issues (*see* Workers' Compensation Law § 25 [2-a] [b] [iii]). The prehearing conference statement furthers this purpose by requiring the employer to include, among other things, an offer of proof for each defense raised (*see* 12 NYCRR 300.38 [f] [2] [iii]). The requirement to file the statement is designed to "facilitate the just, speedy and efficient disposition of the claimant's right to workers' compensation benefits, including settlement" (12 NYCRR 300.38 [f] [1]). In our view, the resulting waiver of defenses for failing to file the statement is not an unreasonable expansion of the statute. Instead, it is a logical supplementation addressed to the very purpose of the statement and the prehearing conference, necessary for enforcement and reasonable in that it provides an escape upon a showing of good faith and due diligence. Moreover, it promotes the overall statutory framework of providing injured employees a "swift and sure source of benefits" (*Crosby v State of N.Y., Workers' Compensation Bd.*, 57 NY2d 305, 313 [1982]).

Kavanagh, McCarthy and Egan Jr., JJ., concur; Cardona, P.J., not taking part. Ordered that the decision is affirmed, with costs to claimant.