Stein, J.P
Appeal from a decision of the Workers’ Compensation Board, filed September 30, 2011, which ruled that claimant did not sustain a compensable injury and denied her claim for workers’ compensation benefits.
Claimant, an identification manager for the employer, was responsible for issuing credentials to individuals who were permitted to enter race track grounds. Claimant expressed concerns to the employer regarding the legality of granting credentials to individuals with possible immigration issues. Finding the employer’s response to her concerns to be insufficient, she resigned. One year later, claimant applied for workers’ compensation benefits, asserting that the situation had led to stress, anxiety and depression. Upon review from a decision of a Workers’ Compensation Law Judge, the Workers’ Compensation Board disallowed her claim, prompting this appeal.
Finding that there is substantial evidence in the record for the Board’s determination, we affirm. “Mental injuries caused *1076 by work-related stress are compensable if the claimant can show that the stress that caused the injury was ‘greater than that which other similarly situated workers experienced in the normal work environment’ ” (Matter of Young v Pentax Precision Instrument Corp., 57 AD3d 1323, 1324 [2008], quoting Matter of Spencer v Time Warner Cable, 278 AD2d 622, 623 [2000], lv denied 96 NY2d 706 [2001]; see Matter of Brittain v New York State Ins. Dept., 107 AD3d 1340 [2013]; Matter of Coleman v Schenectady County Dept. of Social Servs., 80 AD3d 837, 838 [2011]). Here, it is undisputed that the employer neither took nor threatened to take any disciplinary action against claimant as a result of her job performance or the concerns that she raised. Claimant testified, however, that the employer informed her that she should not be concerned about the immigration status of the individuals who sought credentials and directed her to issue those credentials as long as they had the required proof of identification.* As a result, claimant alleged that she feared that she could possibly face criminal prosecution if she performed her job responsibilities as directed by the employer.
However, various employees testified to the contrary and stated that claimant’s concerns were taken seriously and were being reviewed by the employer when claimant abruptly resigned. The Board credited such testimony and essentially concluded that claimant’s stress was unjustified and self-imposed. The Board ultimately determined that claimant failed to establish that her stress was greater than that which would have been experienced by her peers. In this regard, “the Board is the arbiter of credibility determinations to which this Court will accord deference where, as here, no irrationality is evident” (Matter of Pecora v County of Westchester, 13 AD3d 916, 918 [2004]). Therefore, notwithstanding proof in the record that could support a contrary result, we find substantial evidence to support the Board’s determination that claimant did not suffer a compensable injury (see Matter of Veeder v New York State Police Dept., 102 AD3d 1072, 1073 [2013], lv denied 21 NY3d 854 [2013]; Matter of Young v Pentax Precision Instrument Corp., 57 AD3d at 1324; Matter of Spencer v Time Warner Cable, 278 AD2d at 623), and we decline to disturb it.
*1077 We have considered and rejected claimant’s remaining contentions.
McCarthy, Spain and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.

 The hearing testimony established that, before seeking credentials through claimant, an applicant would have been investigated by the New York State Racing and Wagering Board, which would certify that individual’s ability to work at a race track in the state. After such investigation, claimant was responsible for ensuring that the person who appeared before her was the same individual who had obtained approval from the Racing and Wagering Board.