McCarthy, J.
Appeal from a decision of the Workers’ Compensation Board, filed February 6, 2013, which ruled that claimant did not suffer an accidental injury arising out of and in the course of her employment and denied her claim for workers’ compensation benefits.
Claimant managed the employer’s procurement office and, in 2012, filed for workers’ compensation benefits alleging that work-related stress caused her to develop depression, anxiety and posttraumatic stress disorder. Following hearings, a Workers’ Compensation Law Judge established the claim for work-related depression. The Workers’ Compensation Board reversed, finding that claimant had failed to show that the stress giving rise to her depression was “greater than that which other similarly situated workers experienced in the normal work environment” (Matter of Spencer v Time Warner Cable, 278 AD2d 622, 623 [2000], lv denied 96 NY2d 706 [2001]; see Workers’ Compensation Law § 2 [7]; Matter of Young v Pentax Precision Instrument Corp., 57 AD3d 1323, 1324 [2008]). Claimant now appeals.
We affirm. “Mental injuries caused by work-related stress are compensable if the claimant can show that the stress that caused the injury was ‘greater than that which other similarly situated workers experienced in the normal work environment’ ” (Matter of Young v Pentax Precision Instrument Corp., 57 AD3d at 1324, quoting Matter of Spencer v Time Warner Cable, 278 AD2d at 623; accord Matter of Cerda v New York Racing Assn., 112 AD3d 1075, 1076 [2013]). Claimant nonetheless argues that a showing of unusual stress was unnecessary here, because she also allegedly suffers from a stress-related physical injury, pointing out that benefits have previously been “awarded upon evidence that a heart attack or stroke was caused by work-related stress without a specific finding that the stress was greater than that which usually occurs in the normal work environment” (Matter of Loftus v New York News, 279 AD2d 657, 659 [2001]). This argument was not raised before the Board and, as such, is unpreserved for our review (see Matter of Brown v New York City Dept. of Correction, 74 AD3d 1592, 1592 [2010]).
Substantial evidence supports the Board’s determination that *1141 the work-related stress suffered by claimant that led to her depression was not “greater than that which other similarly situated workers experienced in the normal work environment” (Matter of Spencer v Time Warner Cable, 278 AD2d at 623). The medical proof established that claimant sustained incapacitating mental trauma as a result of her work. She complained of longstanding harassment at the hands of her immediate supervisor, but the supervisor contradicted those allegations and offered reasonable explanations for his behavior. Claimant further testified that she experienced more severe mental distress and stopped working after a staff meeting at which she was singled out and humiliated by one of her superiors. The employer’s witnesses directly denied that claim, however, stating that claimant had not been singled out in any way at the meeting and that she did not appear to be upset at the time. The Board credited the testimony of the employer’s witnesses and, inasmuch as the record does not otherwise reflect that the stress endured by claimant was any greater than that suffered by her peers, we affirm (see Matter of Cerda v New York Racing Assn., 112 AD3d at 1076; Matter of Young v Pentax Precision Instrument Corp., 57 AD3d at 1325; Matter of Parrinello v New York City Tr. Auth., 47 AD3d 980, 981 [2008]).
Peters, EJ., Stein and Egan Jr., JJ., concur.
Ordered the decision is affirmed, without costs.