McCarthy, J.
Appeal from a decision of the Workers’ Compensation Board, filed December 10, 2013, which assessed a fine against the self-insured employer pursuant to Workers’ Compensation Law § 25 (2-b) (h).
Claimant was injured on the job in May 2010 and, although the self-insured employer did not dispute her ensuing claim for workers’ compensation benefits, it did note that the length of her disability had not been established. A Workers’ Compensation Law Judge (hereinafter WCLJ) found that claimant had sustained work-related injuries to the neck, back, right shoulder and right thumb and, in a separate decision, advised claimant to produce proof showing that her injury had led to a permanent disability. Claimant accordingly returned with medical proof indicating that she had a 17% schedule loss of use of her right arm.
*1171 The permanency issue thereafter entered the conciliation process, wherein claims are “handled on a more expeditious and informal basis and . . . addressed without undue controversy” (Workers’ Compensation Law § 25 [2-b] [a] [1]). A proposed decision was issued in October 2011 that found claimant to have a permanent partial disability amenable to a 17% schedule loss of use of her right arm and, accordingly, awarded her $25,905.80 (see Workers’ Compensation Law § 25 [2-b] [fl). The employer did not object to the proposed decision and, pursuant to a request by claimant, it became final in February 2012 (see Workers’ Compensation Law § 25 [2-b] [f|). The employer did not pay the award until September 2012. As a result, claimant requested that, pursuant to Workers’ Compensation Law § 25 (3) (f), the employer be required to pay a penalty amounting to 20% of the unpaid compensation. A WCLJ imposed a fine of $500 rather than claimant’s requested penalty (compare Workers’ Compensation Law § 25 [2-b] [h] with Workers’ Compensation Law § 25 [3] [f]). The Workers’ Compensation Board agreed that the $500 fine provided by Workers’ Compensation Law § 25 (2-b) (h) was the sole remedy and affirmed, prompting this appeal by claimant. We reverse.
As an initial matter, claimant’s contentions that the Board exceeded its authority in referring her case for conciliation, that she was deprived of statutory process afforded in the conciliation process and that she is entitled to the $500 fine in addition to the 20% penalty are each unpreserved for our review given that claimant failed to raise these arguments or request such relief before the Board (see Matter of Cedeno v PACOA, 120 AD3d 1458, 1459 [2014]; Matter of Toledo v Administration for Children Servs., 112 AD3d 1209, 1210 [2013]).
Where, as here, the issue is one of pure statutory construction, no deference need be accorded to the Board’s interpretation of the statutory framework (see Kurcsics v Merchants Mut. Ins. Co., 49 NY2d 451, 459 [1980]; Matter of Ercole v New York State Police, 118 AD3d 1211, 1212 [2014]). As to our construction of Workers’ Compensation Law § 25, “the text of a statute is the best evidence of legislative intent and, where the statutory language is clear and unambiguous, the court should construe it so as to give effect to the plain meaning of the words used” (Matter of Retired Pub. Empls. Assn., Inc. v Cuomo, 123 AD3d 92, 94-95 [2014] [internal quotation marks and citations omitted]; see Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington, 97 NY2d 86, 91 [2001]). Further, the provisions within that statute must be “construed *1172 together unless a contrary legislative intent is expressed, and courts must harmonize the related provisions in a way that renders them compatible” (Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington, 97 NY2d at 91; see Matter of M.B., 6 NY3d 437, 447 [2006]).
Turning to the relevant statutory provisions, Workers’ Compensation Law § 25 has two mechanisms for penalizing employers or workers’ compensation carriers who fail to make timely payment of compensation following a decision. The first provides that, “ [i] f the employer or its insurance carrier shall fail to make payments of compensation according to the terms of the award within [10] days . . . , there shall be imposed a penalty equal to [20%] of the unpaid compensation which shall be paid to the injured worker or his or her dependents” (Workers’ Compensation Law § 25 [3] [f]). The second provides that, if payment is not made within 10 days of a proposed conciliation decision becoming final, “the chair [of the Board] shall impose ... a fine of [$500] for failure to live up to the terms of the decision upon verification that payment has not been timely made” (Workers’ Compensation Law § 25 [2-b] [h]; see 12 NYCRR 312.5 [i]).
The statutory scheme unambiguously entitles claimant to the penalty described in Workers’ Compensation Law § 25 (3) (f). A decision rendered as part of the conciliation process “shall constitute a final award of the [B]oard for all purposes except that it shall not be reviewable under [Workers’ Compensation Law §§ 22 and 23]” (Workers’ Compensation Law § 25 [2-b] [f|). In regard to such an award and without exception, Workers’ Compensation Law § 25 (3) (f) imposes the 20% penalty when an employer or carrier “fail[s] to make payments of compensation according to the terms of [an] award within [10] days.” Otherwise, Workers’ Compensation Law § 25 (2-b) (h) gives no indication that its $500 fine was intended to supplant the 20% penalty imposed pursuant to Workers’ Compensation Law § 25 (3) (f). Therefore, construing this statutory scheme as a whole and according Workers’ Compensation Law § 25 (3) (f) its unambiguous meaning, claimant was statutorily eligible for that provision’s 20% penalty.
A regulation cannot contravene this statutory entitlement. This Court will not uphold a regulation “contrary to the statute under which it was promulgated” (Matter of Smith v Albany County Sheriffs Dept., 82 AD3d 1334, 1335 [2011], lv dismissed 17 NY3d 770 [2011] [internal quotation marks and citations omitted]; see Matter of Kigin v State of N.Y. Workers’ Compensation Bd., 24 NY3d 459, 467 [2014]). Notably, Workers’ Compen *1173 sation Law § 117 (1) grants the Board authorization to adopt regulations only to the extent that they are “consistent with and supplemental to the provisions of the Workers’ Compensation Law” (Matter of Smith v Albany County Sheriff's Dept., 82 AD3d at 1335). 12 NYCRR 312.5 (j) states that “[t]he penalties and assessments contained in [Workers’ Compensation Law § 25 (3) (f)], for late payment of awards, shall not be applicable to conciliation cases.” Therefore, 12 NYCRR 312.5 (j) explicitly deprives claimants who proceeded through the conciliation process of the rights that the Legislature provided to them pursuant to Workers’ Compensation Law § 25 (3) (f). As a result of this conflict with its enabling statute, 12 NYCRR 312.5 (j) is without effect.*
Peters, P.J., Lahtinen and Rose, JJ., concur.
Ordered that the decision is reversed, without costs, and matter remitted to the Workers’ Compensation Board for further proceedings not inconsistent with this Court’s decision.

 We note that, since the Board’s decision, the Chair of the Board has exercised his authority to suspend the application of 12 NYCRR 312.5 (j) (see Workers’ Compensation Board, Parity for Penalties from Final Conciliation Decisions, Subject No. 046-671 [Apr. 2, 2014], available at http:// www.wcb.ny.gov/content/main/SubjectNos/sn046_671.jsp [accessed May 6, 2015]; see also Workers’ Compensation Law § 141; 12 NYCRR 312.6).