Matter of Qureshi v Rite Aid Corp. (2020 NY Slip Op 05263)





Matter of Qureshi v Rite Aid Corp.


2020 NY Slip Op 05263


Decided on October 1, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 1, 2020

529773

[*1]In the Matter of the Claim of Abid A. Qureshi, Appellant,
v
Rite Aid Corporation et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: September 15, 2020

Before: Egan Jr., J.P., Mulvey, Aarons, Pritzker and Colangelo, JJ.


The Chase Sensale Law Group, LLP, Hauppauge (Joseph F. Sensale of counsel), for appellant.
Law Office of Andrea G. Sawyers, Melville (Irosha Ratnasekera of counsel), for Rite Aid Corporation and another, respondents.



Mulvey, J.
Appeal from a decision of the Workers' Compensation Board, filed January 17, 2019, which ruled that claimant did not sustain a compensable injury and denied his claim for workers' compensation benefits.
In April 2017, claimant, a computer project technician, applied for workers' compensation benefits alleging that stress due to harassment, discrimination and abuse at work caused him to develop depression and anxiety.[FN1] Following a hearing, a Workers' Compensation Law Judge established the claim for work-related major depressive disorder. The Workers' Compensation Board reversed, finding that claimant had not demonstrated that he was subjected to stress greater than that which other similarly situated workers experience in the normal work environment (see Matter of Novak v St. Luke's Roosevelt Hosp., 148 AD3d 1509, 1510 [2017]). Claimant appeals.
We reverse. The Board's resolution as to whether a claimant has established that the stress that caused his or her work-related injuries was greater than that which other similarly situated workers experience in the normal work environment will not be disturbed if supported by substantial evidence (see Matter of Burke v New York City Tr. Auth., 148 AD3d 1498, 1499 [2017]; Matter of Cuva v State Ins. Fund, 144 AD3d 1362, 1364 [2016]). However, "a Board determination cannot be sustained when it is clearly based on incorrect facts or an inaccurate reading of the record" (Matter of LaFlamme v S.S. Elec. Repair Shop, Inc., 12 AD3d 732, 733 [2004] [internal quotation marks and citation omitted]; see Matter of Maddox v Baumann Sons Buses, 144 AD3d 1373, 1375 [2016]).
Claimant testified that, beginning in 2009, he was subjected to harassment, discrimination and abuse by his supervisor, culminating in a mental breakdown on March 3, 2017, when claimant was given a written reprimand, an action taken in what claimant considered to be bad faith by the supervisor.[FN2] Claimant took a leave of absence that day and his position was terminated after the leave of absence expired without him returning to work. In reversing the Workers' Compensation Law Judge's establishment of the claim, the Board relied on its belief that, prior to the March 2017 breakdown, claimant refused an offer by the employer of a lateral transfer to a new position under a different supervisor. The Board emphasized that claimant "opted to stay under the supervision of the manager alleged to be harassing him" and concluded that his "refusal of the new position, prior to the March 3, 2017 breakdown, diminishes the credibility of [his] assertions." Pursuant to the undisputed testimony of the employer's director of field systems, however, the offer of the new position was made "about [90] days or so" after the March 3, 2017 breakdown, when claimant had already stopped working. Although "the Board is the final arbiter of whether a particular witness's testimony is worthy of belief and . . . this Court is bound by the Board's assessment of witness credibility" (Matter of Thomasula v Wilson Concrete & Masonry, 15 AD3d 796, 796 [2005]; see Matter of Young v Pentax Precision Instrument Corp., 57 AD3d 1323, 1325 [2008]), "we cannot discern what role, if any, this inaccurate reading of the record played" in the Board's finding of no compensable injury and, therefore, it must be reversed and remitted for a new determination based on accurate facts (Matter of LaFlamme v S.S. Elec. Repair Shop, Inc., 12 AD3d at 733).
Egan Jr., J.P., Aarons, Pritzker and Colangelo, JJ., concur.
ORDERED that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: Claimant established an unrelated claim for workers' compensation benefits for injuries he sustained to his back, left shoulder and both knees in February 2017.

Footnote 2: Both claimant's treating psychologist and the employer's independent medical examiner opined that claimant suffered a work-related mental injury.