Matter of Sakanovic v Utica Mut. Ins. Co. (2023 NY Slip Op 04165)

Matter of Sakanovic v Utica Mut. Ins. Co.

2023 NY Slip Op 04165

Decided on August 3, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 3, 2023

535539
[*1]In the Matter of the Claim of Zemira Sakanovic, Appellant,
v
Utica Mutual Insurance Co. et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:June 1, 2023

Before:Egan Jr., J.P., Lynch, Aarons, Fisher and McShan, JJ.

Zemira Sakanovic, Utica, appellant pro se.
Habberfield Kaszycki LLP, Buffalo (Rebecca L. Kaszycki of counsel), for Utica Mututal Insurance Co. and another, respondents.

Lynch, J.
Appeal from a decision of the Workers' Compensation Board, filed November 12, 2021, which ruled, among other things, that claimant did not sustain a causally-related psychological injury and disallowed her claim for workers' compensation benefits.
In February 2021, the employer and its workers' compensation carrier filed a first report of injury form indicating that, on October 21, 2020, claimant, an auditor, suffered stress and/or anxiety while at work resulting in elevated blood pressure, which compounded her stress and/or anxiety. The claim was ultimately controverted by the employer on various grounds, including no medical evidence of an injury, no causal relationship and no evidence of stress greater than that experienced by other similarly situated workers. Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) disallowed the claim. Upon administrative appeal, the Board affirmed, finding that no physical injury or symptoms resulted from the alleged increase in workplace stress and that, insofar as the claim was for a psychological injury, the work-related stress that claimant experienced was not greater than that experienced by a similarly situated worker and any alleged increase in stress resulted from a good-faith personnel decision. Claimant appeals.
We affirm. A psychological injury caused by psychic trauma "is compensable to the same extent as physical injury" (Matter of Wolfe v Sibley, Lindsay & Curr. Co., 36 NY2d 505, 510 [1975]; see Matter of DePaoli v Great A & P Tea Co., 94 NY2d 377, 379-380 [2000]; Matter of Wood v Laidlaw Tr., 77 NY2d 79, 82 [1990]). "However, to get benefits, a claimant must demonstrate that the stress that caused the claimed mental injury was greater than that which other similarly situated workers experienced in the normal work environment" (Matter of Karam v Rensselaer County Sheriff's Dept., 167 AD3d 1108, 1109 [3d Dept 2018] [internal quotation marks and citations omitted], lv denied 33 NY3d 901 [2019]; see Matter of Lanese v Anthem Health Servs., 165 AD3d 1373, 1374 [3d Dept 2018]; Matter of Burke v New York City Tr. Auth., 148 AD3d 1498, 1499 [3d Dept 2017]; Matter of Keane v New York State Elec. & Gas Co., 272 AD2d 802, 803 [3d Dept 2000]).[FN1] "Whether the stress experienced by a claimant is more than that normally encountered is a factual question for the Board to resolve, and its finding will not be disturbed when supported by substantial evidence" (Matter of Cook v East Greenbush Police Dept., 114 AD3d 1005, 1006 [3d Dept 2014] [citations omitted], lv denied 23 NY3d 904 [2014]; see Matter of Karam v Rensselaer County Sheriff's Dept., 167 AD3d at 1109; Matter of Keane v New York State Elec. & Gas Co., 272 AD2d at 804). Upon review, we defer to the Board's credibility assessments (see Matter of Elias-Gomez v Balsam View Dairy Farm, 162 AD3d 1356, 1358 [3d Dept 2018]; Matter of Quigley v Concern for Ind. Living, 146 AD3d 1185, 1186 [3d Dept 2017]).
The record reflects that, while [*2]at work on October 21, 2020, claimant experienced symptoms consistent with an anxiety attack. Prior to her attack, she had been discussing her work in a text-based Skype conversation with her supervisor that, according to claimant, elevated her stress and made her feel angry and frustrated given the additional duties that she had been performing. During the conversation, claimant first began to feel certain physical symptoms including blurry vision and "excruciating" pain in her head, all of which she had not previously experienced prior to the work-related incident despite having active prescriptions for anxiety/depression and high blood pressure. Claimant left work for the day and upon being evaluated at an urgent care center was taken by ambulance to an emergency room, where she presented with a headache and elevated blood pressure and was ultimately admitted to the intensive care unit. Upon being discharged a day later, she was diagnosed with essential hypertension, migraine without aura and hypertension urgency.
A review of the record before us reflects that the evidence fails to establish that the pressures encountered by claimant were any greater than those experienced by her peers during the time in question. To that end, the hearing testimony reflects that claimant's peers were subject to the same daily and hourly quotas for completion of audits, and, to the extent that claimant undertook additional mail audits, claimant's supervisor offered help with her workload if necessary. Accordingly, the Board's denial of that portion of her claim alleging a psychological injury and/or physical symptoms resulting from an increase in work-related stress will not be disturbed (see Matter of Bottieri v Travelers Ins., 309 AD2d 1100, 1102 [3d Dept 2003]; Matter of Spencer v Time Warner Cable, 278 AD2d 622, 623 [3d Dept 2000], lv denied 96 NY2d 706 [2001]; Matter of Grace v Bronx Mun. Hosp. Ctr., City of N.Y. Health & Hosps. Corp., 272 AD2d 799, 800 [3d Dept 2000]; Matter of Leggio v Suffolk County Police Dept., 245 AD2d 897, 899 [3d Dept 1997] [Mercure, J., dissenting], revd on dissenting mem below 96 NY2d 846 [2001]). Finally, we agree with the Board that claimant's hypertension and other related physical symptoms that manifested from her work-related stress do not constitute a physical injury that would "obviate[ ] the need to demonstrate that the stress that produced such symptoms was greater than normal" (Matter of Bottieri v Travelers Ins., 309 AD2d at 1102; see Matter of Bordonaro v Genesee County Sheriff's Office, 148 AD3d 1507, 1509 & n 2 [3d Dept 2017]; Matter of Ford v Unity House of Troy, 292 AD2d 717, 717-719 [3d Dept 2002], lv denied 98 NY2d 610 [2002]; Matter of Loftus v New York News, 279 AD2d 657, 658-659 [3d Dept 2001]; Matter of Kinney v Prudential Ins. Co., 270 AD2d 781, 783 [3d Dept 2000]; Matter of Dockum v Syroco, Inc., 260 AD2d 688, 690 [3d Dept 1999], lv denied 93 NY2d 811 [1999]; cf. Matter of Nizich v Robert F. Barreca, Inc[*3]., 86 AD2d 917, 917-918 [3d Dept 1982]). To the extent that claimant's remaining contentions are properly before us, they have been considered and found to be without merit.
Egan Jr., J.P., Aarons, Fisher and McShan, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: The Workers' Compensation Law also excludes claims for "solely mental" injuries based upon "work[-]related stress" that were "a direct consequence of a lawful personnel decision involving a disciplinary action, work evaluation, job transfer, demotion, or termination taken in good faith by the employer" (Workers' Compensation Law § 2 [7]; see Matter of Bottieri v Travelers Ins., 309 AD2d 1100, 1101 [3d Dept 2003]).