Matter of Gorbea v Verizon N.Y. Inc. (2024 NY Slip Op 05012)

Matter of Gorbea v Verizon N.Y. Inc.

2024 NY Slip Op 05012

Decided on October 10, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 10, 2024

CV-23-1581
[*1]In the Matter of the Claim of Sonya Gorbea, Appellant,
v
Verizon New York Inc. et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:September 5, 2024

Before:Clark, J.P., Aarons, Reynolds Fitzgerald, McShan and Mackey, JJ.

Schwab & Gasparini, PLLC, White Plains (Warren J. Roth of counsel), for appellant.
White and Williams LLP, New York City (Scott H. Casher of counsel), for Verizon New York Inc. and another, respondents.

Clark, J.P.
Appeal from a decision of the Workers' Compensation Board, filed February 22, 2022, which ruled that claimant did not sustain a causally-related psychological injury and disallowed her claim for workers' compensation benefits.
Claimant, a field repair technician, applied for workers' compensation benefits in April 2018, alleging that work-related stress exacerbated a preexisting psychological condition. In October 2018, following a hearing, the Workers' Compensation Law Judge (hereinafter WCLJ) disallowed the claim, concluding that claimant failed to establish that her alleged injuries were caused by a workplace accident. Claimant's administrative appeal of the WCLJ's determination was denied by the Workers' Compensation Board as untimely, and her subsequent request for reconsideration and/or full Board review was also denied.
Claimant appealed the denial of her application for reconsideration and/or full Board review and we reversed, finding that, in light of the proof submitted by claimant, the Board could not rationally conclude that reconsideration and/or full Board review was unwarranted and, therefore, the Board's denial of such relief was arbitrary and capricious (199 AD3d 1253, 1254 [3d Dept 2021]). Upon remittal, the full Board adopted this Court's decision and referred the matter to the Board panel to address the merits of claimant's appeal of the WCLJ's October 2018 determination. By decision filed February 22, 2022, the Board affirmed the WCLJ's decision. Claimant appeals.
We affirm. For a psychological injury alleged to have stemmed from work-related stress to be compensable, a claimant must establish that such stress amounted to a workplace accident; in other words, "a claimant must demonstrate that the stress that caused the claimed psychological injury was greater than that which other similarly situated workers experienced in the normal work environment" (Matter of Spillers v Health & Hosp. Corp., 225 AD3d 1100, 1102-1103 [3d Dept 2024] [internal quotation marks, brackets and citations omitted]; see Workers' Compensation Law § 2 [7]). This inquiry requires "the Board [to] consider whether the alleged stressor is one the claimant should reasonably and ordinarily be expected to encounter in the normal work environment, and is therefore non-accidental, or whether the stressor was instead an unusual, unexpected or extraordinary part thereof and therefore accidental" (Matter of Anderson v City of Yonkers, 227 AD3d 63, 67-68 [3d Dept 2024] [internal citations omitted]; accord Matter of Spillers v Health & Hosp. Corp., 225 AD3d at 1103). "Whether a compensable accident has occurred is a question of fact to be resolved by the Board and its determination will not be disturbed when supported by substantial evidence" (Matter of Pierre v ABF Frgt., 211 AD3d 1284, 1285 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of Sakanovic v Utica Mut. Ins. Co., 219 AD3d 998, 999 [3d Dept 2023]). "Upon review, we defer to the [*2]Board's credibility assessments" (Matter of Karam v Rensselaer County Sheriff's Dept., 167 AD3d 1108, 1109 [3d Dept 2018] [citations omitted], lv denied 33 NY3d 901 [2019]; accord Matter of Sakanovic v Utica Mut. Ins. Co., 219 AD3d at 999).
Although the medical evidence indicated, based upon claimant's self-reporting, that work-related stress exacerbated her posttraumatic stress disorder (hereinafter PTSD), the Board's factual determination that claimant had not experienced stress greater than that which other similarly situated workers experienced in the normal work environment is supported by substantial evidence (see Matter of Cuva v State Ins. Fund, 144 AD3d 1362, 1364-1365 [3d Dept 2016]). Claimant testified that she was diagnosed with PTSD in 2013 and that work-related stress between July 2016 and August 2016 exacerbated her PTSD. According to claimant, she was overworked and exposed to constant intimidation and harassment, with people yelling at her on a daily basis when she arrived for work in the morning, to the point where she feared for her safety. Claimant also testified that her supervisor directed her to falsify her timesheets and that her union would not file any grievances on her behalf. The employer's witness, the manager of claimant's supervisor, testified that claimant was never instructed to falsify her timesheets. Rather, claimant was informed by management that she and many other field technicians had been using an incorrect code on their timesheets, and they were instructed to use a different code.
In disallowing the application, the Board credited the testimony of the employer's witness that claimant was not directed to falsify her timesheets. Further, the Board found claimant's testimony that she was subjected to harassment and intimidation at work not to be credible. Given the great deference accorded the Board's credibility determinations, and that the record does not otherwise reflect that claimant experienced work-related stress greater than other similarly situated workers, we discern no basis upon which to disturb the Board's denial of benefits (see Matter of Burke v New York City Tr. Auth., 148 AD3d 1498, 1499-1500 [3d Dept 2017]; Matter of Guillo v NYC Hous. Auth., 115 AD3d 1140, 1140-1141 [3d Dept 2014]). Claimant's remaining contentions, which were raised for the first time in her application for reconsideration and/or full Board review, are not properly before us, as claimant did not appeal the denial of that application and "a party's arguments addressed to full Board review are not preserved by [an] appeal from a Board panel decision" (Matter of Bailey v Ben Ciccone, Inc., 120 AD3d 871, 872 [3d Dept 2014]; accord Matter of Muller v Square Deal Machining, Inc., 183 AD3d 992, 993 [3d Dept 2020], appeal dismissed 35 NY3d 1100 [2020], lv denied 36 NY3d 909 [2021]).
Aarons, Reynolds Fitzgerald, McShan and Mackey, JJ., concur.
ORDERED that the decision is affirmed, without costs.