■ In the Matter of the Claim of RENE R. WESTLAKE, Respondent, v. FRANK B. EMMICK, Doing Business as EMMICK MOTOR COMPANY, et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from an award of death benefits. The decedent was an automobile salesman, spending part of his time in the salesroom and the remainder calling upon prospective customers. He was furnished a "demonstrator" automobile which he kept at his home and used for business and personal reasons. On August 28, 1958, he left his home intending later to meet a prospective customer at the employer's place of business and to perform a personal errand. After performing both missions and while on his way home, he suffered a coronary attack, lost control of his automobile and sustained fatal injuries. In the automobile he had a salesbook and literature concerning both new and used automobiles. The appellants contend that the death of the decedent did not arise out of and in the course of his employment. The evidence supports the finding of the board that the deceased, at the time of his death, was engaged in the employer's business and that any personal mission was incidental to such employment and did not alter the relationship of employer and employee. (*Matter of Perlmutter* v. *Duchess Hosiery Corp.*, 5 A D 2d 912; *Matter of Cliff* v. *Dover Motors*, 11 A D 2d 883, affd. 9 N Y 2d 891; *Matter of Mahoney* v. *Michaels Stern & Co.*, 9 N Y 2d 931.) Decision and award unanimously affirmed, with one bill of costs to respondents filing briefs. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.

■ DOROTHY M. WATT, Respondent, v. STANLEY F. SZYMANSKI, Appellant.— Order unanimously affirmed, with $10 costs. No opinion. Present — Bergan, P. J., Coon, Gibson, Herlihy and Taylor, JJ.

■ In the Matter of the Claim of GERTRUDE RABINOWITZ, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— Appeal by claimant from a decision of the Unemployment Insurance Appeal Board which held her ineligible for benefits on the ground of her refusal of employment without good cause. (Labor Law, § 593, subd. 2.) Her previous employment was as a bookkeeper at $85 per week but she refused the offer of a similar job at a larger salary, stating that she did not wish to work in a store and would not work in the particular location of that store. (It was also noted, though not as predicative of the decision, that she subsequently refused similar job offers, one with an importing concern and one in a supermarket.) Later, she advanced, as an additional reason for refusal, the contention that had she applied for the job she would have been asked for references and that, for personal reasons, one or more previous employers would not have recommended her; but it was shown that when claimant subsequently applied for and obtained work, her last previous employer furnished a favorable recommendation. Decision unanimously affirmed, without costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.