■ In the Matter of the Claim of RICH CLARK, Respondent, v R. I. SURESKY & SONS, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [653 NYS2d 441] —Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed July 20, 1995, which ruled, *inter alia*, that claimant sustained a compensable injury and awarded workers' compensation benefits.

Claimant was employed as an automobile salesperson for the employer car dealership when he was injured in an accident

while driving to the grocery store on the Memorial Day holiday. At the time, claimant was driving a demonstrator vehicle which had been provided to him by the employer as an incident of his employment. Hearing testimony related that the employer routinely assigned such demonstrator vehicles to its experienced salespeople. The vehicle provided to claimant was equipped with license plate frames bearing the dealership's name and a "tag" identifying the dealer on the back of the trunk. Claimant testified that the employer encouraged its salespeople to display their assigned vehicles in public as much as possible as a form of advertisement. Claimant also testified that he had been approached during off-duty trips in the employer's vehicles by potential buyers, to whom he would show the vehicles and discuss their merits. Notably, however, no such discussion took place on the date of the accident with respect to the demonstrator vehicle he was then assigned and, in fact, claimant admitted that he had never discussed this particular vehicle with anyone outside of the dealership. The Workers' Compensation Board granted claimant's application for workers' compensation benefits on the ground that claimant's injuries arose out of and in the course of his employment because he was providing a valuable service to the employer at the time of the accident.

Although claimant was driving a demonstrator vehicle when the accident occurred, it is undisputed that claimant's travel was on personal time for an exclusively personal errand on a day when the dealership was closed. To be compensable under the Workers' Compensation Law, an injury must "aris[e] out of and in the course of the employment" (Workers' Compensation Law § 10 [1]; see, Workers' Compensation Law § 2 [7]). Because the only nexus between claimant's accident and his employment was that he was driving a demonstrator vehicle, the Board's finding that the accident arose out of and in the course of claimant's employment is unsupported by substantial evidence.

Essentially, the Board found that a benefit inured to the employer as a result of the visibility of the demonstrator vehicle to the public. We note, however, that the only dealer identification on the vehicle was the license plate frames and the dealer "tag". There is nothing remarkable about these identifiers as they are routinely applied to every vehicle sold by car dealerships. Thus, we are unpersuaded that claimant's mere driving of the demonstrator vehicle on the day of the accident transformed his purely personal use of the vehicle into a dual personal and business use for the purposes of the Work-

ers' Compensation Law. To affirm the Board would, in effect, create a bright-line rule that all injuries arising out of an accident in a dealership-provided demonstrator vehicle—no matter how personal the usage when the accident occurs—are compensable under the Workers' Compensation Law. Such a decision would be an unwarranted extension of existing case law.

In *Hill v Speckard* (209 AD2d 1007, *lv dismissed* 85 NY2d 1032), the Fourth Department determined in a personal injury action that the State, as the defendant's employer, derived a benefit from the defendant's use of a State-owned vehicle because he was on call 24 hours per day and the vehicle was equipped with devices to reach him while in transit. Under those circumstances, the Court found that the defendant's "use of the vehicle *for driving home from work* was within the course of [his] employment" (*supra*, at 1008 [emphasis supplied]). Similarly, in *Matter of Collier v County of Nassau* (46 AD2d 970), the claimant, a police officer on call 24 hours per day, was injured in an accident while driving home from work in a vehicle owned by the employer. The employer had provided the vehicle to the claimant to go to and from work. This Court, in reviewing the Board's award of workers' compensation benefits to the claimant, found that the use and operation of the vehicle to go to and from work was "directly related to the employment" (*supra*, at 970). In the instant matter, however, claimant was neither an on-call employee nor traveling to or from work when the accident occurred.

There being no evidence that claimant was even tangentially engaged in the employer's business of selling vehicles at the time of the accident (*cf.*, *Matter of Westlake v Emmick*, 16 AD2d 726, *lv denied* 11 NY2d 647; *Matter of Eaton v Webster Motors*, 265 App Div 1025, *affd* 291 NY 699; *Matter of Shepperson v Mosher Bros.*, 253 App Div 852, 853), the Board's decision awarding benefits must be reversed.

Cardona, P. J., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the decision is reversed, without costs, and claim dismissed.