■ In the Matter of the Claim of REGINA SCHUHL, Respondent, v MOBIL OIL CORPORATION, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [702 NYS2d 436] —Graffeo, J. Appeal from a decision of the Workers' Compensation Board, filed July 28, 1997, which ruled that claimant's decedent sustained an accidental injury in the course of his employment and awarded workers' compensation benefits.

Claimant's husband (hereinafter decedent), a manager of a Mobil gas station, was driving from his home to his place of employment when he suffered cardiorespiratory arrest allegedly due to anaphylactic shock after being stung by a bee, resulting in his death. At the time of the incident, decedent was responding to a call he received concerning a problem at the station. He was also checking competitors' gas prices and was on his way to retrieve station receipts in order to make a bank deposit, both tasks being part of his employment duties. Following decedent's death, his employer submitted an "Employer's Report of Injury/Illness" to the Workers' Compensation Board and the cause of accident was described as follows: "Manager was called to station by an employee. In addition, manager was performing Saturday duties—price surveys and banking." The report further stated, "Manager driving car. Bee flew into vehicle, stung manager. Manager went into shock." The Workers' Compensation Law Judge denied claimant's application for death benefits but the Board reversed the decision and death benefits were subsequently awarded to claimant. The employer's request for full Board review was denied and this appeal ensued.

The employer contends that the Board's decision which found that decedent sustained a bee sting while in the course of his employment was speculative and not supported by substantial evidence in the record. We disagree. Although an employee is generally not deemed to be engaged in the course of his or her employment while commuting to and from work, an exception exists where there is a reasonable nexus between the employee's activities and his or her employment (*see, Matter of Lemon v New York City Tr. Auth.*, 72 NY2d 324, 327; *Matter of Deland*

*v Hutchings Psychiatric Ctr.*, 203 AD2d 776, *opn after remittal* 210 AD2d 750, *lv denied* 85 NY2d 808). Hence, "an employee who engages in a work-related errand while travelling between work and home, and is injured during that trip, sustains injuries that arise out of and in the course of his or her employment if the employer both encouraged the errand and obtained a benefit from the employee's performance of the errand" (*Matter of Neacosia v New York Power Auth.*, 85 NY2d 471, 478).

In addition to responding to a problem at the station, the employer required decedent to conduct price surveys at competitors' stations almost daily, a task that was regularly performed while decedent traveled between his home and the station. We find substantial evidence supporting the finding that decedent's activities as he traveled to the gas station were for his employer's benefit and were within the course of his employment and therefore compensable. Decedent's supervisors testified that decedent was required by the employer to make bank deposits on Saturday mornings and to compare competitors' prices and to enter such information into a computer. This testimony was supported by claimant who indicated that decedent routinely compared prices while on his way to work.

The employer's report submitted to the Board approximately 2½ months after the incident unequivocally stated that decedent was stung by a bee which constitutes direct and independent evidence of the accident (*see, Matter of Webster v Mason*, 13 AD2d 355, 358). Furthermore, the discharge summary prepared by a physician attributed decedent's death to cardiac arrest as a result of anaphylactic shock secondary to a bee sting and another physician who treated decedent reported that the bee sting probably occurred as he was driving. The employer has submitted no evidence to contradict claimant's allegations and all the evidence contained in the record is consistent with claimant's contention that decedent was stung by a bee while in the course of his employment. Under these circumstances, we conclude that substantial evidence existed for the Board's decision (*see generally, Matter of Fine v S.M.C. Microsystems Corp.*, 75 NY2d 912; *Matter of Deland v Hutchings Psychiatric Ctr., supra; Matter of Gray v Lyons Trans.*, 179 AD2d 985).

Cardona, P. J., Crew III, Peters and Spain, JJ., concur. Ordered that the decision is affirmed, with costs to claimant.