■ In the Matter of the Claim of ANTONIA YOUNG, Respondent, v NEW YORK STATE POLICE et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [715 NYS2d 92] —Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed June 23, 1999, which ruled that claimant sustained an accidental injury arising out of and in the course of her employment.

Claimant, a State Trooper on call 24 hours a day, was injured in a motor vehicle accident at 6:45 A.M. on July 26, 1996 while driving her personal vehicle to work. At the time of the accident, claimant was traveling within the geographical area of her assigned tour of duty on Interstate Route 287 in the Village of Tarrytown, Westchester County, and was within minutes of reaching the police barracks where she was scheduled to commence working a 7:00 A.M. to 3:00 P.M. shift. Based upon findings that claimant was within the geographical area of her assignment and was sufficiently under the control of the employer at the time of the accident, the Workers' Compensation Board ruled that claimant sustained an accident arising out of and in the course of her employment and awarded workers' compensation benefits. The employer and its workers' compensation insurance carrier appeal.

We reverse. It is well settled that accidents which occur while an employee is commuting to work do not arise out of and in the course of employment since the risks involved in commuting relate to employment on only a marginal level (*see, Matter of Greene v City of New York Dept. of Social Servs.*, 44 NY2d 322; *Matter of Coningsby v New York State Dept. of Corrections*, 245 AD2d 1009, 1010). However, where a sufficient causal nexus exists between the employment and the accident causing the injury, workers' compensation benefits have been allowed (*see, Matter of Schuhl v Mobil Oil Corp.*, 268 AD2d 905, 905-906). In determining whether the required causal nexus exists, the degree of control exercised by the employer over the claimant's activities at the time of the accident is controlling (*see, Matter of De Jesus v New York State Police*, 95 AD2d 454, 455; *Matter of Collier v County of Nassau*, 46 AD2d 970; *Matter of Juna v New York State Police*, 40 AD2d 742). Factors such as being on call 24 hours per day and traveling within the geographic area of employment at the time of the accident are to be considered, but they do not automatically provide the requisite causal nexus (*see, Matter of Stead v Rockland County*, 195 AD2d 668; *Matter of De Jesus v New York State Police, supra*).

Applying these principles to the instant matter, we conclude that the Board's decision that claimant's accident was sufficiently work related is not supported by·substantial evidence. The Board's reliance on *Matter of Juna v New York State Police* (*supra*) is misplaced. Unlike *Matter of Juna*, this record contains no evidence that claimant was precluded by regulation from engaging in any nonemployment activity for a two-hour period prior to the commencement of her work shift. Thus, there is insufficient evidence to establish that the employer exercised sufficient control over claimant's activities at the time of the accident to establish the requisite causal nexus between claimant's commute and her employment (*see, Matter of Coningsby v New York State Dept. of Corrections, supra; Matter of Stead v Rockland County, supra; Matter of De Jesus v New York State Police, supra*). Moreover, the fact that claimant may have been required by her employment duties to pursue the driver of the other vehicle had she been a mere witness to the accident does not warrant a contrary finding (*see, Matter of Gigliotti v Niagara County Sheriff's Dept.*, 202 AD2d 715).

Cardona, P. J., Carpinello, Graffeo and Lahtinen, JJ., concur. Ordered that the decision is reversed, without costs, and claim dismissed.