■ In the Matter of the Claim of DOROTHY CONNON, Respondent, v W.J. GRANDE & SONS, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [717 NYS2d 755] —Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed March 11, 1999, which ruled that the death of claimant's decedent arose out of and in the course of his employment and awarded workers' compensation death benefits.

Claimant's decedent, who was employed part time as a painter-laborer, collapsed at work and was pronounced dead a short time later. The cause of death was listed as probable myocardial infarction. On this appeal from a decision of the Workers' Compensation Board awarding workers' compensation death benefits to claimant, the employer's insurance carrier contends that the Board erred in concluding that decedent's death arose out of and in the course of employment. We disagree.

Evidence that a decedent was engaged in strenuous activity at work shortly before collapsing, together with an expert medical opinion that decedent's death was related to the work effort, provides substantial evidence to support the Board's award of benefits (see, e.g., Matter of Tompkins v Sunrise Heating Fuels, 271 AD2d 888). In this case, decedent's treating physician testified that, considering decedent's age and medical history, the strenuous activity involved in helping to unload sheetrock from a truck was a competent producing cause of decedent's death. While the carrier claims that there is no competent evidence of decedent's work activity prior to his collapse, the unloading of sheetrock is described in the employer's report, which was signed by the employer's president, was filed

with the Board and constitutes "direct and independent evidence of the accident" (*Matter of Schuhl v Mobil Oil Corp.*, 268 AD2d 905, 906). Contrary to the carrier's claim, the opinion testimony of claimant's medical expert has a rational basis in the record and was sufficient to support the Board's finding on the issue of causation (*compare*, *Matter of Van Patten v Quandt's Wholesale Distribs.*, 198 AD2d 539, *with Matter of Ayala v DRE Maintenance Corp.*, 238 AD2d 674, *affd* 90 NY2d 914).

Mercure, J. P., Peters, Carpinello and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.