■ In the Matter of the Claim of IDA M. MONACHINO, Appellant, v P. VIGNERI & SONS, INC., Respondent. WORKERS' COMPENSATION BOARD, Respondent. [752 NYS2d 128] —Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed December 14, 1999, which ruled that the death of claimant's decedent did not arise out of and in the course of employment and disallowed the claim for workers' compensation death benefits.

Claimant's decedent worked for the employer at its farm where he was responsible for applying chemicals. The employer provided him with a truck to get around the farm and, at decedent's request, also provided him with a truck to use for travel to and from work. On April 11, 1999 at approximately 3:30 P.M., decedent had left work early and was traveling to his home in the employer's vehicle when he was involved in a fatal motor vehicle accident. Thereafter, claimant, decedent's spouse, filed a claim for workers' compensation death benefits. Following a hearing, a Workers' Compensation Law Judge found that decedent's death did not arise out of and in the course of his employment and disallowed the claim. The Workers' Compensation Board affirmed this decision, resulting in this appeal.

We affirm. "To be compensable under the Workers' Compen-

sation Law, an injury must 'aris[e] out of and in the course of the employment' " (*Matter of Clark v R.I. Suresky & Sons*, 236 AD2d 673, 674, quoting Workers' Compensation Law § 10 [1]). "Generally, absent some physical connection to the premises of an employer in time and space, an accident which befalls an employee on his way to or from work has not arisen 'in the course of the employment' " (*Matter of Malacarne v City of Yonkers Parking Auth.*, 41 NY2d 189, 194). Consequently, the courts have held that "accidents which occur while an employee is commuting to work do not arise out of and in the course of employment since the risks involved in commuting relate to employment on only a marginal level" (*Matter of Young v New York State Police*, 276 AD2d 984, 984; *see Matter of Lemon v New York City Tr. Auth.*, 72 NY2d 324, 327). An exception, however, exists where there is a causal nexus between the accident and the employment (*see Matter of Lemon v New York City Tr. Auth., supra* at 327). "In determining whether the required causal nexus exists, the degree of control exercised by the employer over the claimant's activities at the time of the accident is controlling" (*Matter of Young v New York State Police, supra* at 984 [citations omitted]).

Here, the evidence was undisputed that the employer's provision of a vehicle to decedent for use to travel to and from work was merely a convenience and was not necessary in order for decedent to discharge his employment-related duties. The employer's owner, who was a good friend of decedent, testified that decedent's employment caused him to get chemicals on his clothing and he assumed decedent requested a vehicle to travel to and from work because he did not wish to dirty his own personal vehicle. Claimant confirmed that this was the reason decedent wanted to use the employer's vehicle. In addition, there was testimony that decedent used the vehicle only during the summer months, it did not bear any identification or logo and the employer derived no benefit from decedent's use of the vehicle. Furthermore, it was undisputed that at the time of the accident, decedent had left work for the day due to inclement weather and the employer no longer exercised control over his activities. In view of the foregoing, the fact that the employer owned the vehicle which decedent was operating at the time of the accident is not enough to establish that his death arose out of and during the course of employment (*see e.g. Matter of Clark v R.I. Suresky & Sons, supra*). Therefore, we find no reason to disturb the Board's decision.

Cardona, P.J., Crew III, Peters and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.