Carpinello, J.
Appeal from a decision of the Workers’ Compensation Board, filed September 4, 2002, which, inter alia, denied claimant’s request to reopen the case for further development of the record.
On November 15, 1999, decedent was employed as a laborer for a construction company and had been assigned to work at a *694 distant job site. He was expected to report to work at 7:00 a.m. At 5:45 a.m., while driving his personal vehicle, he was involved in a fatal motor vehicle accident. Claimant, decedent’s mother and the administrator of his estate, filed a claim for workers’ compensation death benefits. Following various hearings, a Workers’ Compensation Law Judge (hereinafter WCLJ) disallowed the claim, finding that the accident did not arise out of and during the course of decedent’s employment. In her application to the Workers’ Compensation Board for review of the WCLJ’s decision, claimant requested further development of the record to introduce the testimony of additional witnesses. The Board denied claimant’s request and affirmed the WCLJ’s decision. This appeal ensued.
Claimant contends that the Board erroneously declined to review the main issue before the WCLJ, namely, whether decedent’s accident arose out of and during the course of his employment and that, therefore, the decision should be reversed and the matter remitted to the Board. Based upon our review of the Board’s decision, we agree. Workers’ Compensation Law § 23 requires the Board to include in its decision “a statement of the facts which formed the basis of its action on the issues raised.” “[W]e have previously held that a Board decision that adopts a WCLJ’s findings of facts after an independent review of the entire record is sufficient to comply with such statutory requirement” (Matter of Floyd v Millard Fillmore Hosp., 299 AD2d 610, 612 [2002]; see Matter of Maliszewska v Dupuy, 289 AD2d 683, 684 [2001], lv denied 97 NY2d 612 [2002]). No such recitation is contained in the Board decision at issue. Although the decision makes a brief reference to the fact that “claimant died in a motor vehicle accident while going to his job on November 15, 1999,” it makes no mention of the factual findings of the WCLJ supporting the conclusion that the accident did not arise out of and during the course of his employment. Rather, the substance of the decision addresses only the issue of whether the case should be reopened for further record development, a determination with which we do not disagree. Nonetheless, in light of the Board’s failure to confirm that it adopted the WCLJ’s findings of fact after an independent review of the record, the decision must be reversed and the matter remitted to the Board for further proceedings.
Mercure, J.P., Peters, Spain and Rose, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers’ Compensation Board for further proceedings not inconsistent with this Court’s decision.