■ In the Matter of the Claim of BETTY A. ENGLE, as Administrator of the Estate of GARY D. OSTRANDER II, Deceased, Appellant, v REALE CONSTRUCTION COMPANY, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [790 NYS2d 255]—

Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed December 17, 2003, which ruled that the death of claimant's decedent did not arise out of and in the course of his employment and denied the claim for workers' compensation death benefits.

Decedent was involved in a fatal motor vehicle accident during the early morning hours of November 15, 1999. At the time of the accident, he was employed as a laborer for a construction company and had been assigned to work at a distant job site. Claimant, decedent's mother and the administrator of his estate, filed a claim for workers' compensation death benefits. Following numerous hearings, a Workers' Compensation Law Judge (hereinafter WCLJ) denied the claim, finding that decedent was not doing work for which he was employed at the time of the accident and, further, that decedent was not an outside employee as he was required to report to a fixed location at the start of each work day. Claimant thereafter filed an application for Workers' Compensation Board review requesting further development of the record on the issue of whether decedent's death arose out of and in the course of his employment. The Board denied the request and affirmed the WCLJ's decision. This Court reversed the Board's decision and remitted the matter on the grounds that the Board erroneously declined to review the issue of whether decedent's accident arose out of and in the course of his employment and failed to confirm that it adopted the WCLJ's findings of fact after an independent review of the record (1 AD3d 693 [2003]). On remittal, the Board found that decedent's death did not arise out of and in the course of his employment and disallowed the claim. This appeal ensued.

We affirm. An employee is entitled to workers' compensation benefits if the injury sustained arises out of and in the course of employment (*see* Workers' Compensation Law § 10 [1]; *Matter of Monachino v Vigneri & Sons*, 300 AD2d 797, 797-798 [2002]). As a general rule, injuries sustained while traveling to and from a place of employment are not compensable (*see Matter of Neacosia v New York Power Auth.*, 85 NY2d 471, 475 [1995]; *Matter of Chadha v J.B. Lippincott Co.*, 300 AD2d 923, 925 [2002]). However, an exception to this rule exists where there is a "causal nexus between the accident and the employment" (*Matter of Monachino v Vigneri & Sons, supra* at 798). The degree of control exercised by the employer at the time of the accident determines whether such causal nexus exists between the accident and the employment (*see Matter of Lemon v New York City Tr. Auth.*, 72 NY2d 324, 327 [1988]).

Here, the record indicates that decedent was required to report to work at a fixed location prior to each work day and was not an outside employee. The record also indicates that decedent was driving to his assigned work site when he was involved in the fatal accident and was not engaged in any work-related activities on behalf of the employer. Therefore, we find no reason to disturb the Board's decision.

Cardona, P.J., Crew III, Mugglin and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.