In the Matter of the Claim of CARMELITA WILLIAMS, Appellant, v CITY OF NEW YORK, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [933 NYS2d 422]—

Egan Jr., J.

Prior to her retirement in September 2002, claimant was employed as an auditor for the New York City Department of Social Services. Shortly after September 11, 2001, claimant and others in her lower Manhattan office were reassigned to issue relief checks to individuals who lived or worked below Canal Street and suffered various damages as a result of the terrorist attacks. This assignment did not require claimant to work outdoors or, according to her supervisor, cause claimant to come into contact with soot or dust from the World Trade Center site. Claimant, who had a history of bronchitis and asthma and also was a former smoker, returned to her regular office duties in February 2002.

Alleging that her special assignment caused an aggravation of her preexisting respiratory problems, claimant filed four claims for workers' compensation benefits between December 2005 and June 2007 and, to avoid having these claims dismissed as untimely (*see* Workers' Compensation Law § 28), twice registered as a "participant in [the] World Trade Center rescue, recovery and clean-up operations" (Workers' Compensation Law § 162). Following a hearing, a Workers' Compensation Law Judge determined that the underlying claim* fell within the purview of Workers' Compensation Law article 8-A and, therefore, was not time-barred (*see* Workers' Compensation Law § 168). Upon review, the Workers' Compensation Board reversed and concluded, among other things, that because claimant was not engaged in any rescue-related activities within the meaning of Workers' Compensation Law article 8-A, her claim was untimely.

Claimant then appealed to this Court and we reversed (*Matter of Williams v City of New York*, 66 AD3d 1203 [2009]), finding that the Board erred in focusing solely upon whether

---

* This decision apparently addressed the timeliness of the claim filed in December 2005.

claimant was engaged in any "rescue" activities, and remitted the matter to the Board to consider whether claimant's activities could be construed as part of the "recovery" operations. Upon remittal, the Board rejected that notion and again concluded that the underlying claim was not encompassed by Workers' Compensation Law article 8-A and, therefore, was time-barred. Claimant now appeals, contending that the Board's construction of the term "recovery" is too narrow.

We affirm. As we acknowledged on the prior appeal, Workers' Compensation Law article 8-A is to be afforded a liberal construction in order "to provide a potential avenue of relief for workers and volunteers suffering ill health as a result of their efforts in the aftermath of the terrorist[ ] attacks" (*Matter of Williams v City of New York*, 66 AD3d at 1204-1205). We also cautioned, however, that despite the remedial nature of the statute and the Legislature's failure to expressly define the term "recovery," "an expansive interpretation of [that term] was not intended" (*id.* at 1206), and we recognized that the Board would be accorded broad discretion in ascertaining whether a particular set of facts fell within the generally accepted meaning of that term (*id.*).

Here, the Board found that the term "recovery" as used in Workers' Compensation Law article 8-A referred to the "recovery of human remains" (*citing Employer: Merrill Lynch & Co., Inc.*, 2009 WL 1392408, *3, 2009 NY Wrk Comp LEXIS 9207, *7-8 [WCB No. 0073 8617, May 8, 2009]). Such a construction, the Board reasoned, was "consistent with the generally accepted meaning of the term . . . as it is used in the context of . . . the aftermath of the attacks on the World Trade Center, where the focus was initially on the rescue of those who were injured . . . and later shifted to the respectful recovery of human remains and clean-up of the area." Thus, the Board concluded, the term did not encompass the sort of economic recovery efforts engaged in by claimant and her coworkers.

Contrary to claimant's assertion, the Board's reasoning in this regard is entirely consistent with both the underlying legislative history and the Board's prior decisions in this area. In enacting Workers' Compensation Law article 8-A, the Legislature recognized that many who followed in the wake of emergency personnel (construction workers, for example) would not be afforded coverage under the Workers' Compensation Law as it then existed—despite the fact that participants in the World Trade Center rescue, recovery or cleanup operations were exposed to the same "uniquely hazardous conditions" (Senate Mem in Support, 2006 McKinney's Session Laws of NY at 1915)

and "various toxins" (Budget Rep on Bills, Bill Jacket, L 2006, ch 446, at 6) as those who were first on the scene. Consistent with the Legislature's stated desire to achieve some measure of parity among different categories of workers exposed to the same environmental hazards, the Board has required that the injured claimant directly participate in or otherwise have some tangible connection to the rescue, recovery or cleanup operations in order to fall within the coverage of Workers' Compensation Law article 8-A (*see Employer: New York City Transit Auth.*, 2009 WL 525476, 2009 NY Wrk Comp LEXIS 5438 [WCB No. 0080 2941, Feb. 20, 2009] [bus driver assigned to transport police and firefighters from staging area to ground zero participated in rescue, recovery and cleanup operations]; *Employer: Verizon*, 2008 WL 2878810, 2008 NY Wrk Comp LEXIS 7135 [WCB No. 0071 1321, July 15, 2008] [telephone repair technician who provided telephone service to rescue entities and removed dust from his work site fell within the coverage of the statute]; *Employer: Con Edison*, 2008 WL 593651, 2008 NY Wrk Comp LEXIS 1247 [WCB No. 0063 3043, Feb. 12, 2008] [mechanic assigned to ground zero to restore gas service to the disaster site was a qualified participant in rescue and recovery operations]). No such tangible connection exists here and, therefore, we cannot say that the Board abused its discretion in finding that claimant did not participate in recovery operations within the meaning of Workers' Compensation Law article 8-A. Notably, claimant testified at the hearing that she did not distribute relief checks to any rescue or recovery personnel—just to "people from the streets."

Nor did the Board err in dismissing the claim as untimely. Claimant testified that her symptoms worsened following her temporary reassignment and acknowledged—although she could not recall the precise date—that she consulted with her treating physician in this regard at some point in 2002. Hence, the filing of her claim in December 2005 was untimely (*see* Workers' Compensation Law § 28).

Finally, as claimant never alleged that she engaged in cleanup operations—either at the employer's office or elsewhere—the Board quite properly limited its inquiry upon remittal to whether claimant's activities fell within the scope of recovery operations. Claimant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Peters, J.P., Spain, Lahtinen and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.

■ DAVID DUMAS, Individually and as Administrator of the Estate of KIRSTEN LORRAINE DUMAS, Deceased, and as Parent