Matter of Love v Village of Pleasantville (2020 NY Slip Op 07968)





Matter of Love v Village of Pleasantville


2020 NY Slip Op 07968


Decided on December 24, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 24, 2020

530932

[*1]In the Matter of the Claim of Richard Love, Appellant,
v
Village of Pleasantville et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: November 18, 2020

Before: Lynch, J.P., Clark, Mulvey and Colangelo, JJ.


LOIS LLC, New York City (Addison O'Donnell of counsel), for appellant.
Law Firm of Alex Dell, PLLC, Albany (Edward Obertubbesing of counsel), for Village of Pleasantville and another, respondents.
Letitia James, Attorney General, New York City (Marjorie S. Leff of counsel), for Workers' Compensation Board, respondent.



Clark, J.
Appeal from a decision of the Workers' Compensation Board, filed July 22, 2019, which ruled, among other things, that claimant sustained compensable injuries.
Claimant, the Chief of Police for the Village of Pleasantville, filed a claim for workers' compensation benefits in connection with injuries sustained in a motor vehicle accident that occurred while he was driving a police vehicle. The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) initially sought to controvert the claim, but the Workers' Compensation Board ruled that the carrier had waived any defenses by failing to timely and properly serve a prehearing conference statement (see Workers' Compensation Law § 25 [2-a] [d]; 12 NYCRR 300.38 [f] [1], [4]). The carrier appealed that determination, and this Court affirmed (161 AD3d 1477, 1478 [2018], lv dismissed 32 NY3d 1079 [2018]).
The matter was thereafter before a Workers' Compensation Law Judge (hereinafter WCLJ) for a determination as to whether there was a causal relationship between the accident and claimant's injuries. The WCLJ found the existence of a causal relationship, stating that any question as to whether the motor vehicle accident arose out of or in the course of claimant's employment was a legal defense that had been waived. The WCLJ therefore established a claim for injuries to claimant's neck, back, right knee and right hip. The Workers' Compensation Board affirmed, prompting this appeal.
On appeal, the carrier attempts to relitigate issues that were the subject of the prior appeal. Indeed, the carrier raises various arguments that are — at their essence — attacks on the determination that it waived its defenses by failing to properly and timely serve a prehearing conference statement.[FN1] The carrier had a full and fair opportunity to contest such determination in its prior appeal. Thus, our prior decision — wherein we upheld the determination that the carrier had waived its defenses to the claim — is law of the case and binding (see Matter of Mooring v American Airlines, 54 AD3d 1105, 1105 [2008], lv denied 12 NY3d 704 [2009]; see also Carroll v Rondout Yacht Basin, Inc., 183 AD3d 1000, 1000-1001 [2020]).
Turning to the merits, we agree with the Board that, as a result of its waiver of defenses, the carrier was precluded from submitting evidence on the issue of whether claimant's injuries arose out of and in the course of claimant's employment (see Workers' Compensation Law § 25 [2] [b]; Matter of Cunningham v New York City Tr. Auth., 122 AD3d 1042, 1042 [2014]; compare Matter of Button v Button, 166 AD3d 1258, 1259-1260 [2018]). However, the waiver of defenses did not relieve claimant of his obligation of coming forward with sufficient proof to establish that he sustained a compensable injury (see Matter of Cunningham v New York City Tr. Auth., 122 AD3d at 1042; Matter of Smith v Albany County Sheriff's Dept., 82 AD3d 1334, 1334 [2011], lv denied 17 NY3d [*2]770 [2011]; Matter of Coleman v Schenectady County Dept. of Social Servs., 80 AD3d 837, 838 [2011]; see generally Workers' Compensation Law § 10 [1]).[FN2] In that regard, claimant bore the burden of demonstrating that a sufficient causal nexus existed between his employment and the motor vehicle accident that caused his injuries (see Matter of Young v New York State Police, 276 AD2d 984, 984 [2000]; Matter of De Jesus v New York State Police, 95 AD2d 454, 456 [1983]). The degree of control exercised by the employer over the claimant's activities at the time of the accident is controlling in determining whether the requisite causal nexus exists (see Matter of Monachino v Vigneri & Sons, 300 AD2d 797, 798 [2002]; Matter of Young v New York State Police, 276 AD2d at 984). Whether a causal relationship exists is a factual question for the Board, and its determination will be upheld if supported by substantial evidence (see Matter of Kotok v Victoria's Secret, 181 AD3d 1146, 1146 [2020]; Matter of Kemraj v Garelick Farms, 164 AD3d 1504, 1504 [2018]).
The record evidence establishes that claimant, the Village Chief of Police, was in an accident while driving his police vehicle on the third day of a personal weekend trip to his son's college, roughly 4½ to 5 hours away from the Village. Claimant testified that he carried his work cell phone, that he was on call 24 hours a day and that he drove his police vehicle to his weekend destination so that he could return to the Village if needed. However, claimant testified that he was not recalled at any point during the weekend and was not in the course of returning to work or attending to any other police matter at the time of his accident. Claimant offered no other testimony linking his weekend activities to his employment. In our view, the evidence offered by claimant falls short of demonstrating the requisite causal nexus between claimant's accident and his employment (see Matter of Young v New York State Police, 276 AD2d at 984-985; Matter of De Jesus v New York State Police, 95 AD2d at 455-456; compare Matter of Collier v County of Nassau, 46 AD2d 970, 970 [1974]; Matter of Juna v New York State Police, 40 AD2d 742, 742 [1972]). Accordingly, we find that the Board's decision is not supported by substantial evidence (see Matter of Young v New York State Police, 276 AD2d at 984-985). As such, we reverse and remit the matter to the Board for further proceedings.
Lynch, J.P., Mulvey and Colangelo, JJ., concur.
ORDERED that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: To the extent that the carrier now challenges the determination on due process grounds, we note that the carrier did not raise this challenge on the prior appeal and that, in any event, such challenge is without merit (see Matter of Quagliata v Starbucks Coffee, 82 AD3d 1321, 1322 [2011], lv denied 17 NY3d 703 [2011]; see generally Matter of Adams v Blackhorse Carriers, Inc., 142 AD3d 1273, 1275 [2016]).

Footnote 2: The term "injury" has a specific definition under the Workers' Compensation Law and, as relevant here, "mean[s] only accidental injuries arising out of and in the course of employment" (Workers' Compensation Law § 2 [7]).