Matter of Bodisch v New York State Police (2021 NY Slip Op 03889)





Matter of Bodisch v New York State Police


2021 NY Slip Op 03889


Decided on June 17, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 17, 2021

531488
[*1]In the Matter of Christopher R. Bodisch, Appellant,
v
New York State Police et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:May 27, 2021

Before:Garry, P.J., Lynch, Clark, Aarons and Colangelo, JJ.

Law Firm of Alex Dell, PLLC, Albany (Nicholas A. Fusco of counsel), for appellant.
Tanisha S. Edwards, State Insurance Fund, Albany (Katherine Mason Horowitz of counsel), for New York State Police and another, respondents.



Lynch, J.
Appeal from a decision of the Workers' Compensation Board, filed October 23, 2019, which ruled, among other things, that claimant was not a participant in the World Trade Center rescue, recovery and cleanup operations and denied his claim for workers' compensation benefits.
Following the September 11, 2001 terrorist attacks on the World Trade Center (hereinafter WTC), claimant, a state trooper, was assigned to a vehicle checkpoint at the intersection of West Street and Canal Street from January 31, 2002 to February 6, 2002. Claimant registered his participation in the WTC rescue, recovery and cleanup operations in 2007. In 2018, claimant filed a claim for workers' compensation benefits for injuries allegedly sustained due to exposure to toxins at the WTC site. Following a hearing, a Workers' Compensation Law Judge found that claimant's activities were covered by Workers' Compensation Law article 8-A and established the claim for gastroesophageal reflux disease and Barrett's esophagus. Upon administrative review, the Workers' Compensation Board reversed, finding that claimant's job activities were not covered by Workers' Compensation Law article 8-A as he was not a participant in the WTC rescue, recovery and cleanup operations. The Board further found that the claim does not meet the requirements of an occupational disease, as claimant's injuries derived from an environmental condition specific to the place of work and not from the nature of his employment. The Board then treated the claim as one for accidental injury and disallowed the claim, finding it untimely pursuant to Workers' Compensation Law § 28. Claimant appeals.
Initially, we agree with the Board's finding that claimant did not sustain an occupational disease. "[A]n occupational disease derives from the very nature of the employment, not a specific condition peculiar to an employee's place of work, nor from an environmental condition specific to the place of work" (Matter of Phelan v Bethpage State Park, 126 AD3d 1276, 1277 [2015] [internal quotation marks, brackets and citations omitted], lv denied 25 NY3d 911 [2015]; see Matter of Mack v County of Rockland, 71 NY2d 1008, 1009 [1988]; see also Workers' Compensation Law § 2 [15]). "To establish an occupational disease, the claimant must demonstrate a recognizable link between his or her condition and a distinctive feature of his or her employment" (Matter of Barker v New York City Police Dept., 176 AD3d 1271, 1272 [2019] [internal quotation marks and citations omitted], lv denied 35 NY3d 902 [2020]). The basis of the claim alleges that claimant's injuries resulted from his work-related exposure to toxic substances during the rescue, recovery and cleanup operations following the WTC terrorist attacks. There is little dispute that toxic substances were present in claimant's work environment, but his alleged disability arose from "a specific condition peculiar to his place of work" (Matter of Mack v County of Rockland, 71 NY2d [*2]at 1009) and not from a distinctive feature of his employment as a state trooper (see Matter of Connolly v Covanta Energy Corp., 123 AD3d 1394, 1396 [2014], lv denied 25 NY3d 910 [2015]; Matter of Martin v Fulton City School Dist., 300 AD2d 901, 902 [2002]). Accordingly, the Board's finding that claimant did not meet the requirements of an occupational disease is supported by substantial evidence (see Matter of Phelan v Bethpage State Park, 126 AD3d at 1277; Matter of Engler v United Parcel Serv., 1 AD3d 854, 856 [2003]; compare Matter of Renko v New York State Police, 185 AD3d 1198, 1199-1200 [2020]).
Claimant also challenges the Board's determination that his claim is not covered by Workers' Compensation Law article 8-A. "Workers' Compensation Law article 8-A was enacted to remove statutory obstacles to timely claims filing and notice for latent conditions resulting from hazardous exposure for those who worked in rescue, recovery or cleanup operations following the [WTC] September 11th, 2001 attack" (Matter of Williams v City of New York, 66 AD3d 1203, 1204 [2009] [internal quotation marks and citation omitted]; see Matter of Cozzi v American Stock Exch., 172 AD3d 1658, 1659 n [2019], appeal dismissed 33 NY3d 1129 [2019], cert denied ___ US ___, 140 S Ct 971 [2020]). "It is undisputed that this legislation was intended to be liberally construed to provide a potential avenue of relief for workers and volunteers suffering from ill health as a result of their efforts in the aftermath of the terrorists attacks" (Matter of Williams v City of New York, 66 AD3d at 1204-1205; see Matter of Regan v City of Hornell Police Dept., 124 AD3d 994, 995-996 [2015]). As relevant here, "the Board has required that the injured claimant directly participate in or otherwise have some tangible connection to the rescue, recovery or cleanup operations in order to fall within the coverage of Workers' Compensation Law article 8-A" (Matter of Williams v City of New York, 89 AD3d 1182, 1184 [2011], lv denied 18 NY3d 807 [2012]; see Matter of Kearns v Decisions Strategies Envt., 167 AD3d 1197, 1199 [2018]).[FN1] "So long as the Board's construction and application of the statutory words (rescue, recovery, cleanup) is consistent with the generally accepted meaning of such terms, and the underlying factual basis for making its determination is supported by substantial evidence, its determination will be upheld" (Matter of Regan v City of Hornell Police Dept., 124 AD3d at 995-996 [internal quotation marks, brackets and citation omitted]; accord Matter of Kearns v Decisions Strategies Envt., 167 AD3d at 1199).
The claim provides that claimant worked at a vehicle checkpoint and he testified that he was assigned to control traffic at the intersection of West and Canal Streets from January 31, 2002 to February 6, 2002. Claimant further testified that his duties at the checkpoint included stopping traffic and clearing routes for emergency and construction vehicles travelling [*3]to and from ground zero. According to claimant, he assisted getting vehicles through the checkpoint, "[w]hether it was construction, whether it was [f]ire department [or] family members." By providing such assistance, we find that claimant's activities had a tangible connection to the rescue, recovery and cleanup operations at the WTC site (see Matter of Regan v City of Hornell Police Dept., 124 AD3d at 996; compare Matter of Kearns v Decisions Strategies Envt., 167 AD3d at 1199). As such, and in light of the liberal construction afforded this remedial statute, we conclude that the Board's determination that Workers' Compensation Law article 8-A does not apply because claimant did not participate in the rescue, recovery and cleanup operations at ground zero is not supported by substantial evidence and, therefore, the claim should not have been disallowed as untimely under Workers' Compensation Law § 28 (see Matter of Chrostowski v Pinnacle Envtl. Corp., 169 AD3d 1217, 1220 [2010]). Claimant's remaining arguments are unnecessary to address in light of our determination.
Garry, P.J., Clark, Aarons and Colangelo, JJ., concur.
ORDERED that the decision is modified, without costs, by reversing so much thereof as disallowed the claim as untimely pursuant to Workers' Compensation Law § 28; matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.



Footnotes

Footnote 1: In order to qualify for coverage under Workers' Compensation Law article 8-A, "a claimant must essentially establish three elements, which relate to time, location and activity" (Matter of Williams v City of New York, 66 AD3d at 1205). It is undisputed that claimant established that he was working at the WTC site during the relevant time period.