Matter of Daly v New York City Off. of Mgt. & Budget (2023 NY Slip Op 01714)

Matter of Daly v New York City Off. of Mgt. & Budget

2023 NY Slip Op 01714

Decided on March 30, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 30, 2023

534625
[*1]In the Matter of the Claim of Dante E. Daly, Appellant,
v
New York City Office of Management & Budget, Respondent. Workers' Compensation Board, Respondent.

Calendar Date:February 23, 2023

Before:Lynch, J.P., Aarons, Pritzker, Fisher and McShan, JJ.

The Perecman Firm, PLLC, New York City (Edward Guldi of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, Brooklyn (Joanne Corrielus of counsel), for New York City Office of Management & Budget, respondent.

McShan, J.
Appeal from a decision of the Workers' Compensation Board, filed November 19, 2021, which ruled, among other things, that claimant was not a participant in the World Trade Center rescue, recovery or cleanup operations and denied his claim for workers' compensation benefits.
On September 11, 2001, claimant was employed as a budget analyst for the New York City Office of Management & Budget (hereinafter OMB) at its Park Place office in Manhattan. In the weeks following the terrorist attacks, claimant was assigned by OMB to work at offices in Queens and on Maiden Lane in Manhattan, before returning to the Park Place office in March 2002. In 2010, claimant filed a registration of his participation in the World Trade Center (hereinafter WTC) rescue, recovery and cleanup operations with the Workers' Compensation Board. In June 2021, claimant filed a claim for workers' compensation benefits, alleging injuries sustained due to exposure to toxins at the WTC site contracted while "working on budgetary action for the recovery." Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) found, among other things, that claimant's activities were not covered by Workers' Compensation Law article 8-A as he was not a participant in the WTC rescue, recovery and cleanup operations. As a result, the WCLJ disallowed the claim as untimely pursuant to Workers' Compensation Law § 28. Upon administrative review, the Board affirmed the WCLJ's decision, and claimant appeals.
We affirm. Initially, claimant argues that OMB waived any defenses to the claim by failing to submit a timely notice of controversy pursuant to Workers' Compensation Law § 25 (2) (b). Although this argument was apparently raised before the WCLJ prior to the hearing, the WCLJ did not make a finding as to this issue and it was not raised in claimant's application for Board review. "[A]s this issue was not put before the Board, it is not properly before us on appeal" (Matter of Muller v Square Deal Machining, Inc., 183 AD3d 992, 993 [3d Dept 2020] [internal quotation marks and citation omitted], appeal dismissed 35 NY3d 1100 [2020], lv denied 36 NY3d 909 [2021]; see Matter of Guidice v Herald Co., 88 AD3d 1175, 1176 [3d Dept 2011]). Claimant also contends that the Board erred in not finding that OMB had waived its defenses to the claim due to its failure to submit a prehearing conference statement pursuant to 12 NYCRR 300.38 (f) (see Workers' Compensation Law § 25 [2-a] [d]).[FN1] Inasmuch, however, as no prehearing conference was scheduled or held, we agree with the Board that the statement was not required. In any event, a waiver of OMB's defenses by failing to submit either a timely prehearing conference statement or a timely notice of controversy would not have relieved claimant from his obligation of providing sufficient proof to establish a compensable injury (see Matter of Love v Village of Pleasantville, 189 AD3d 1946, 1947 [3d Dept 2020], lv denied 37 NY3d 917 [2022]; Matter of Cunningham [*2]v New York City Tr. Auth., 122 AD3d 1042, 1042 [3d Dept 2014]).
Turning to the merits of the claim, "Workers' Compensation Law article 8-A was enacted to remove statutory obstacles to timely claims filing and notice for latent conditions resulting from hazardous exposure for those who worked in rescue, recovery or cleanup operations following the [WTC] September 11th, 2001 attack" (Matter of Williams v City of New York, 66 AD3d 1203, 1204 [3d Dept 2009] [internal quotation marks and citation omitted]; see Matter of Bodisch v New York State Police, 195 AD3d 1274, 1276 [3d Dept 2021]). As such, "the Board has required that the injured claimant directly participate in or otherwise have some tangible connection to the rescue, recovery or cleanup operations in order to fall within the coverage of Workers' Compensation Law article 8-A" (Matter of Bodisch v New York State Police, 195 AD3d at 1276 [internal quotation marks and citation omitted]; see Matter of Kearns v Decisions Strategies Envt., 167 AD3d 1197, 1199 [3d Dept 2018]). "So long as the Board's construction and application of the statutory words (rescue, recovery, cleanup) is consistent with the generally accepted meaning of such terms, and the underlying factual basis for making its determination is supported by substantial evidence, its determination will be upheld" (Matter of Regan v City of Hornell Police Dept., 124 AD3d 994, 995-996 [3d Dept 2015] [internal quotation marks, brackets and citation omitted]).
Claimant testified that at the time of the WTC attacks he was providing budgetary analysis for the OMB's Parks and Landmarks Unit. Claimant did not testify that he directly participated in the rescue, recovery and cleanup operations at the WTC site. Rather, according to claimant, after the attack he was assigned to do "budgetary analysis for the rescue, recovery and cleanup" operations, although his general job duties remained the same.[FN2] Claimant did not provide any further testimony or other evidence as to what this analysis actually entailed or how the work was connected to the operations. Under these circumstances, we find that the Board's factual finding that claimant did not demonstrate that his job duties as a budget analyst had a direct or tangible connection to the rescue, recovery or cleanup operations at the WTC site is supported by substantial evidence. "Recognizing that application of this statute necessarily entails difficult line-drawing that leaves some without a potential recovery," we cannot conclude that the Board abused its discretion in finding that Workers' Compensation Law article 8-A does not apply to this claim (Matter of Kearns v Decisions Strategies Envt., 167 AD3d at 1199-1200 [internal quotation marks, brackets and citation omitted]; see Matter of Williams v City of New York, 89 AD3d 1182, 1184 [3d Dept 2011], lv denied 18 NY3d 807 [2012]).
Lynch, J.P., Aarons, Pritzker and Fisher, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: "Workers' Compensation Law § 25 (2-a) (d) requires that a prehearing conference statement be filed no later than 10 days before the conference" (Matter of Quagliata v Starbucks Coffee, 82 AD3d 1321, 1322 [3d Dept 2011], lv denied 17 NY3d 703 [2011]).

Footnote 2: Claimant confirmed that his general job duties consisted of "analyzing budgets, numbers [and] figuring out the cost of things."