Matter of Liotta v New York State Unified Ct. Sys. (2024 NY Slip Op 02237)

Matter of Liotta v New York State Unified Ct. Sys.

2024 NY Slip Op 02237

Decided on April 25, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 25, 2024

CV-23-0103
[*1]In the Matter of the Claim of Robert Liotta, Appellant,
v
New York State Unified Court System et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:March 27, 2024

Before:Egan Jr., J.P., Aarons, Pritzker, Lynch and Fisher, JJ.

Law Firm of Alex Dell, PLLC, Albany (Sarah M. Bennett of counsel), for appellant.
Stockton, Barker & Mead, LLP, Troy (Emily A. Gray of counsel), for New York State Unified Court System and another, respondents.

Fisher, J.
Appeal from a decision of the Workers' Compensation Board, filed June 16, 2021, which ruled that claimant was not a participant in the World Trade Center rescue, recovery and cleanup operations and denied his claim for workers' compensation benefits.
Claimant was employed as a senior court officer at 100 Centre Street in New York City and was at work on September 11, 2001 when the terrorist attack on the World Trade Center (hereinafter WTC) unfolded. In 2019, claimant registered as a participant in the WTC rescue, recovery and/or cleanup operations with the Workers' Compensation Board (see Workers' Compensation Law § 162) and subsequently filed a claim for injuries suffered at the WTC site. Following a hearing, a Workers' Compensation Law Judge, as is relevant here, determined that claimant did not qualify for benefits under Workers' Compensation Law article 8-A because, among other things, he was not a participant in the rescue, recovery and/or cleanup operations at the WTC site and disallowed the claim. By decision filed June 16, 2021, the Workers' Compensation Board affirmed, and claimant's subsequent application for reconsideration and/or full Board review was denied.[FN1] Claimant appeals from the Board's June 16, 2021 decision.[FN2]
"Workers' Compensation Law article 8-A was enacted to remove statutory obstacles to timely claims filing and notice for latent conditions resulting from hazardous exposure for those who worked in rescue, recovery or cleanup operations following the [WTC] September 11th, 2001 attack" (Matter of Murphy v New York State Cts., 201 AD3d 1072, 1072 n [3d Dept 2022] [internal quotation marks and citations omitted]). "[T]his legislation was intended to be liberally construed to provide a potential avenue of relief for workers and volunteers suffering from ill health as a result of their efforts in the aftermath of the terrorists attacks" (Matter of Bodisch v New York State Police, 195 AD3d 1274, 1276 [3d Dept 2021] [internal quotation marks and citation omitted]). A " '[p]articipant in [WTC] rescue, recovery, or cleanup operations' " is defined as "any (a) employee who within the course of employment, or (b) volunteer" who "participated in the rescue, recovery, or cleanup operations at the [WTC] site between September [11, 2001] and September [12, 2002]" (Workers' Compensation Law § 161 [1]). As such, "the Board has required that the injured claimant directly participate in or otherwise have some tangible connection to the rescue, recovery or cleanup operations in order to fall within the coverage of Workers' Compensation Law article 8-A" (Matter of Williams v City of New York, 89 AD3d 1182, 1184 [3d Dept 2011], lv denied 18 NY3d 807 [2012]; see Matter of Bodisch v New York State Police, 195 AD3d at 1126-1127). "So long as the Board's construction and application of the statutory words (rescue, recovery, cleanup) is consistent with the generally accepted meaning of such terms, and the underlying factual basis for making its determination [*2]is supported by substantial evidence, its determination will be upheld" (Matter of Regan v City of Hornell Police Dept., 124 AD3d 994, 995-996 [3d Dept 2015] [internal quotation marks, brackets and citation omitted]; accord Matter of Bodisch v New York State Police, 195 AD3d at 1126-1127; Matter of Kearns v Decisions Strategies Envt., 167 AD3d 1197, 1199 [3d Dept 2018]).
Initially, we are unpersuaded by claimant's contention that the matter must be remitted because the Board did not consider the merits of whether his activities provided direct support to first responders so as to constitute a tangible connection to the rescue efforts. In determining that he did not fall within the provisions of Workers' Compensation Law article 8-A, the Board specifically found that claimant did not describe activities that had a tangible connection to the rescue, recovery and cleanup operations.
Turning to claimant's activities at the WTC site, as noted by the Board, there was no testimony that claimant engaged in any recovery or cleanup at the site and, therefore, the relevant inquiry here is whether the activities in which claimant engaged constituted rescue work or had a tangible connection to rescue efforts. To that end, claimant testified that, on September 11, 2011 as the terrorist attack on the WTC unfolded, he began assisting in evacuating the courthouse where he worked and the building across the street, moving people north in order to clear the street to allow emergency vehicles to pass as they headed to the WTC site. Claimant and other court officers were then bused to Ground Zero where they were given a briefing but were then moved to Pace University due to concerns about buildings collapsing. Once at Pace University, claimant testified that he continued evacuating civilians north, getting the area cleared and assisting the other emergency personnel, stating that "there [were] still a lot of emergency vehicles coming through." Although claimant also testified that he assisted in distributing safety equipment and medical supplies, he did not specifically testify to whom the equipment and supplies was distributed, i.e., civilians and/or first responders. On September 12, 2001, claimant returned to work for a 25-hour shift and was assigned to the street in front of the courthouse where he assisted in keeping the area cleared for emergency personnel, as well as distributed safety equipment and provided security for the courthouse.
Although not all of the described activities establish a tangible connection to the rescue efforts at the WTC site, we find, in light of the liberal construction afforded to Workers' Compensation Law article 8-A, that claimant's activities of assisting with clearing the area — which notably was located within the statutorily-defined WTC site — in order for the emergency vehicles to access Ground Zero had a tangible connection to the rescue efforts. As such, the Board's determination that claimant did not participate in the rescue [*3]effort operations to qualify under Workers' Compensation Law article 8-A is not supported by substantial evidence (see Matter of Bodisch v New York State Police, 195 AD3d at 1277; Matter of Regan v City of Hornell Police Dept., 124 AD3d at 995-996).
Egan Jr., J.P., Aarons, Pritzker and Lynch, JJ., concur.
ORDERED that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: The Board, contrary to the finding of the Workers' Compensation Law Judge, took judicial notice that the location of claimant's activities on the days in question fell within the area statutorily defined as the WTC site (see Workers' Compensation Law § 161 [2]).
Footnote 2: To the extent claimant challenges in his brief the denial of his application for reconsideration and/or full Board review, any issues raised with regard thereto are not properly before us as claimant did not file a notice of appeal from that decision (see Matter of Petrillo v Comp USA, 131 AD3d 1282, 1282 n [3d Dept 2015]). In any event, in light of our conclusion, any such challenge is academic.